## BATTELLE V. WOLVEN.

Under Code Civ. Proc. § 675, providing that an action to determine adverse claims may be brought by any person against another claiming an estate or interest in real property adverse to him, an owner of a note secured by a trust deed may sue to quiet title as against parties claiming title adverse to the trust deed.

(Opinion filed January 25, 1905.)

Appeal from circuit court, Hand county; Hon. LORING E. GAFFY, Judge.

Action by Charles Battelle against John W. Wolven. From a judgment dismissing the action, plaintiff appeals. Reversed.

*S. A. Keenan*, for appellant.

*B. A. Knight* and *J. H. Cole*, for respondent.

CORSON, P. J. The only question presented in this case is as to whether or not the owner of a note secured by a trust deed has such an interest in real property as will entitle him to maintain an action to quiet title to the same as against parties claiming title adverse to the trust deed. The plaintiff, as the owner of such note so secured by trust deed, alleges in his complaint the execution of such note and trust deed, the transfer of the same to himself by assignment, and that the defendant unlawfully claims some interest in the property adverse to such trust deed. The defendant demurred to the complaint on the grounds (1) that the plaintiff had no legal capacity to sue, in that the complaint fails to show that the plaintiff was the legal owner of the premises mentioned therein; (2) that the complaint does not state facts sufficient to constitute a cause of action. This demurrer was overruled by the court, but subse-

quently, after the answer was filed and the case called for trial, the court dismissed the action on the ground, as stated by the court: "The motion is granted for the reason that the court does not believe that the complaint states a cause of action." And the order dismissing the action did, in effect, sustain the demurrer to the complaint.

It is contended by the appellant that under the broad and comprehensive provision of section 675, Code Civ. Proc., "an action may be brought by any person against another claiming an estate or interest in real property adverse to him for the purpose of determining such adverse claim." It will be observed that the section does not require that the person who brings the action shall be the owner. in the possession of, or entitled to the possession of, the property. We are inclined to take the view, therefore, that under this section the plaintiff, as the owner of the note secured by the trust deed, was entitled to maintain the action against one claiming an estate or interest adversely to him. This section is a copy of section 738 of the Code of Civil Procedure of California, and under that Code the Supreme Court of that state has held that it is not essential that the complaint should aver that the plaintiff is the owner in fee of the property, and that it is sufficient if it appear that the claimant claims an interest in the land, and that the defendant asserts a claim of title adverse to the plaintiff's claim. Stoddart v. Burge, 53 Cal. 394; Pierce v. Felter, 53 Cal. 18. And in Tuffree et al. v. Polhemus et al., 108 Cal. 670, 41 Pac. 806, the Supreme Court says: "But as this court, in the past, has had occasion to remark, section 738 of the Code of Civil Procedure is broad in its terms. It possesses no limitations or restrictions; and we see no reason why it does not

vest in the holder of an equitable title the right to come before the court, and have his equities declared superior to any and all opposing equities. If there are outstanding and antagonistic equities we know of no sound policy which would deny claimants thereunder an adjudication upon them by virtue of the provisions of this section of the Code." It is true, the plaintiff in this action only had a lien upon the property by virtue of his trust deed; but it was essential to him that that lien should be adjudged valid and good against the claim of the defendant, in order that, in foreclosing the lien by sale of the property under the trust deed, the property might be sold for its full value. Of course, if defendant's claim of title or interest in the property was prior and paramount to plaintiff's claim under his trust deed, such claim of the defendant would be recognized by the court. If such title or interest accrued subsequently to the execution of the trust deed, it would not be valid as against the sale of the property under the trust deed, unless his claim or interest was in the form of a tax deed; and if in the form of a tax deed, it would necessarily be a cloud upon the plaintiff's title or interest in the property, unless it should be adjudged invalid by the court. It would seem, therefore, perfectly proper for the plaintiff to institute an action to quiet his title as against such adverse claim, in order, as before stated, that the property, when sold, might be sold for its full value, and free from the cloud caused by defendant's claim. It is true that under our statute the mortgagee or his assignee only has a lien upon the property for the amount of his debt, and does not, therefore, have what is denominated strictly an equitable title; but, as his lien may ripen into a perfectly legal title upon the sale of the property, if no redemp-

tion is made within the time limit by law, we can discover no reason why a party having such a lien should not be entitled to maintain the action, as well as one having a legal or equitable title to the property. It certainly is important to a mortgagee that the cloud upon the title be removed prior to a sale of the property, and, under the broad terms of the statute, it would seem that the cloud might be removed in an action to quiet the title, which, under our Code, is a quasi equitable action. In Clark v. Darlington, 7 S. D. 148, 63 N. W. 771, 58 Am. St. Rep. 835, this court held, in an action to quiet title, that a holder of a certificate of purchase of land at a tax sale claims "an estate or interest" in such land, within the meaning of section 675, Code Civ. Proc., being section 5497, Comp. Laws 1887. It would seem to follow, under the law as there laid down, that one having a lien on property by virtue of a trust deed in the nature of a mortgage has "an estate or interest" in the land mortgaged, within the meaning of said section, and would therefore be entitled to maintain an action to quiet the same. Our conclusion is that the plaintiff's interest in the property was such as to entitle him to maintain the action.

The judgment of the circuit court is reversed.