[Civ. No. 3965. Third Appellate District.—December 11, 1929.]

A. E. STENZEL, Appellant, v. ROSINA M. KRONICK et al., Respondents.

John C. Packard for Appellant.

Robert I. Kronick for Respondents.

THOMPSON (R. L.), J.—This is an appeal from a judgment which was entered against the plaintiff upon sustaining a demurrer to the complaint to quiet title.

The complaint alleges only an interest in a particularly described piece of real property by virtue of a general money judgment which, as the law then existed, gave him a statutory lien upon all the real property of the judgment debtor which was situated in the county where the judgment was procured. (Sec. 671, Code Civ. Proc.) The usual other allegations of an ordinary suit to quiet title pursuant to section 738 of the Code of Civil Procedure are made. The complaint further alleges that a controversy exists between the respective parties to the action regarding the validity of the asserted lien upon the property described as security for the payment of the judgment.

A demurrer was sustained upon the ground that the complaint failed to state a cause of action. The plaintiff was denied the privilege of amending his pleading, and a judgment of dismissal was thereupon entered against him, from which this appeal was perfected.

The appellant contends that under the provisions of section 671 of the Code of Civil Procedure he was given such a vested interest in the real property as authorized the maintenance of a suit to quiet title, and that the complaint stated a cause of action entitling him to declaratory relief pursuant to section 1060 of the same code.

The plaintiff had a speedy and complete remedy at law for the satisfaction of his valid and binding judgment, by procuring and levying an execution under section 681 of the Code of Civil Procedure and selling this or any other available property. A suit to quiet title under such circumstances would accomplish no more than to affirm the validity of the lien already established by virtue of the provisions of section 671 of the Code of Civil Procedure. A suit to quiet title will not lie in the present case. The judgment does not create an actual interest in the real property upon which it becomes a lien, such as will warrant the maintenance of an action to quiet title. The general lien which is

created upon all the real property of the judgment debtor, by the provisions of section 671, *supra,* is not such a vested interest in a particular piece of real property as authorizes the maintenance of a suit to quiet title. A specific lien attached by decree of a court upon a particular property for the satisfaction of a judgment would suffice for this purpose. But the statutory lien created by the entry of a mere money judgment is too general in its nature to furnish such a claim of title as may constitute the foundation of a suit to quiet title. In 1 Jones on Liens, page 8, section 13, it is said: "Even a judgment does not constitute a (specific) lien upon (particular) real estate to be .enforced by an execution and levy upon some part or the whole of it." In the case of *Bagley* v. *Wood,* 37 Cal. 121, 133 [99 Am. Dec. 256], quoting approvingly from Mr. Justice Kent's Commentaries, the court says: "The lien (created by the money judgment) after all, amounts only to a security against subsequent purchasers and incumbrancers. . . . The judgment creditor gets no estate in the lands." In *Huff* v. *Sweetser,* 8 Cal. App. 689, 695 [97 Pac. 705], it is said: "The lien created by a judgment is not a transfer or conveyance of the property. (*Wilcoxson* v. *Miller,* 49 Cal. 193.) It is not a specific lien on the real estate of the judgment debtor, but is merely a general lien, and is subject to all prior liens, either legal or equitable. The lien is not an interest in the real estate of the judgment debtor, he (the judgment creditor) having neither a *jus in re* nor a *jus ad rem,* as regards the debtor's property; the lien merely confers the right to levy thereon, to the exclusion of other adverse interests subsequent to the judgment. These principles are laid down and fully supported by cited authorities in *Metz* v. *State Bank of Brownville,* 7 Neb. 165."

In the case of *French Lumbering Co.* v. *Theriault,* 107 Wis. 627 [81 Am. St. Rep. 856, 51 L. R. A. 910, 914, 83 N. W. 927], the court says: "When the right to a lien upon the property fraudulently conveyed ripens into a lien in fact by an actual seizure of the property under attachment or execution, a court of equity will then lend its aid to free the lien from the cloud upon it created by the fraudulent conveyance."

In the present case no specific lien upon any particular property was decreed. Upon proper pleadings in

510

an action for that purpose the court may render a money judgment and attach a lien upon specific real property to secure the payment thereof. However, that was not done in this case. So far as the pleadings in the present case are concerned, the judgment debtor may have possessed several separate tracts of real property, any one of which would satisfy the judgment. In the absence of a decree specifically attaching the lien to a particular property and in the absence of the levying of an execution, obviously the appellant has no such interest in the real property described as will enable him to maintain a suit to quiet title.

■ Nor will a suit for declaratory relief necessarily lie under such circumstances. Section 1061 of the Code of Civil Procedure provides: "The court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances."

Since the appellant has a speedy and adequate remedy for the satisfaction of his judgment by means of levying an execution, upon which proceeding the validity of the lien may be tested if it should then be questioned, the court had a discretion to refuse to accept jurisdiction under section 1060 of the Code of Civil Procedure on the ground that it was unnecessary.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.