[Sac. No. 5284.   In Bank.—August 9, 1940.]

## CITY OF ALTURAS (a Municipal Corporation), Appellant, v. M. J. GLOSTER, Respondent.

C. S. Baldwin for Appellant.

J. S. Henderson for Respondent.

THOMPSON, J., *pro tem.*—The City of Alturas has appealed from a judgment which was rendered against it pursuant to an order sustaining a demurrer to an amended complaint for declaratory relief and for incidental injunctive relief to prevent a multiplicity of suits. The demurrer was sustained in effect on the grounds that the complaint fails to state a cause of action and that a construction of the contract involved in this suit, "is not necessary or proper at the time under all the circumstances", as provided by section 1061 of the Code of Civil Procedure.

The complaint alleges that the defendant owns a ranch adjacent to the easterly corporate limits of the City of Alturas; that the north fork of Pit River flows across the defendant's land and through the southerly portion of the city; that during times of flood water the river overflowed the lands of both the plaintiff and the defendant to the great damage of the city; that for many years past the defendant has maintained on his premises a diverting dam and levee to prevent the river from overflowing and damaging his land; that in February, 1930, the respective parties to this suit entered into a contract, which was approved by a duly adopted resolution of the city council, by the terms of which the city was authorized to use soil from defendant's ranch to repair and maintain the levee and to regulate the use of the diverting dam to prevent flooding and damaging of property within the limits of the city, for a consideration of monthly payments to the defendant of amounts equal to the water bills which he was required to pay the city, not exceeding the aggregate sum of $100 per year; that the terms of that contract were fulfilled by both parties for a period of seven years to January, 1937; that without previous notice on January 11, 1937, the city council adopted a resolution that "the rights and privileges . . . were no longer required for the use or benefit of said city and would no longer be used or exercised by said city, and that no further compensation would thereafter be allowed or paid"; that in April, 1937, the defendant recovered judgment in the Justice's Court of Alturas Township for the sum of $10.70 as compensation under the contract, and in January,

1938, the defendant commenced suit in the same court for further compensation under the contract in the sum of $34.56, which action is now pending. The complaint further alleges that the defendant claims that the contract is a valid, continuing agreement entitling him to monthly payments of the stipulated consideration therefor. The city does not assert that the contract is void or that it was ever modified or rescinded, but merely alleges that its rights and privileges thereunder are no longer claimed or beneficial to the city. It is then stated that an actual controversy exists between the respective parties to the contract respecting their rights, and that the defendant threatens to institute other actions to recover his compensation unless he is restrained therefrom by injunction. The prayer asks for a determination of the rights of the respective parties under the contract, and that the defendant be enjoined from prosecuting further suits for compensation thereunder.

The demurrer alleges that the complaint fails to state facts sufficient to constitute a cause of action and that a determination of the rights of the parties is not necessary or proper under the circumstances since the plaintiff has plain, speedy and adequate remedies otherwise than by means of declaratory relief.

We are of the opinion the demurrer was properly sustained for the reason that the complaint fails to allege facts sufficient to constitute a cause of action. No facts are alleged in the complaint from which the court may assume that an actual controversy exists between the parties regarding their legal rights under the contract. Merely a bare conclusion to that effect is alleged. It is not asserted the contract is void for any reason. In fact, the pleading asserts that after seven years of performance of the contract, the plaintiff, for no specified reason, elected to voluntarily abandon or repudiate the agreement merely because the privileges conferred by it are ''no longer required for the use or benefit of said city''. To state a cause of action for declaratory relief under section 1060 of the Code of Civil Procedure appropriate facts should be alleged from which the court may determine that an ''actual controversy relating to the *legal* rights and duties of the respective parties'' exists. (*Frasch* v. *London & Lancashire Fire Ins. Co.*, 213 Cal. 219, 225 [2 Pac. (2d) 147]; *Oldham* v. *Moodie*, 94 Cal. App. 88 [270 Pac. 688];

5 Cal. Jur., Ten-year Supp., p. 115, sec. 12; 3 Williston on Contracts, rev. ed., p. 1936, sec. 674, 16 Am. Jur. 333, sec. 64.) In the present case the complaint clearly refutes the existence of an actual controversy regarding the legal rights of the respective parties. No circumstance or condition of the contract leading to such a controversy is pointed out or suggested. ■ A valid, binding contract may not be abandoned or repudiated without cause. After the due execution of a valid contract each party is entitled to the vested right of having it remain unaltered and its terms performed. (6 Cal. Jur., p. 396, sec. 237.) It is true that performance of a contract may be excused by express waiver or by acts of an adverse party preventing its fulfillment, or by so-called acts of God over which the parties have no control (6 Cal. Jur., p. 399, sec. 239), but no such acts or waiver are alleged in this case.

■ The sustaining of the demurrer on the ground that the plaintiff has a speedy and adequate remedy other than by means of declaratory relief under section 1060 of the Code of Civil Procedure was discretionary on the part of the court under the circumstances alleged in the complaint, which precludes this court from interfering with that order, except for an abuse of discretion. (Sec. 1061, Code Civ. Proc.; *Cutting* v. *Bryan,* 206 Cal. 254 [274 Pac. 326] ; *Stenzel* v. *Kronick,* 102 Cal. App. 507, 510 [283 Pac. 93] ; *Sunset Scav. Corp.* v. *Oddou,* 11 Cal. App. (2d) 92 [53 Pac. (2d) 188] ; *McCaughna* v. *Bilhorn,* 10 Cal. App. (2d) 674, 682 [52 Pac. (2d) 1025] ; 87 A. L. R. 1212, note; 68 A. L. R. 116, note; 16 Am. Jur. 287, sec. 14.) Section 1061 of the Code of Civil Procedure provides in that regard:

"The court may *refuse to exercise the power* granted by this chapter *in any case where its declaration or determination is not necessary* or proper at the time under all the circumstances." (Italics ours.)

In the Cutting case, *supra,* this court said regarding the discretion of the trial court to refuse to entertain the suit for declaratory relief:

"The order of the trial court in refusing to entertain this action, in so far as the declaratory relief sought therein is concerned, must, therefore, be held to have been made under the discretionary power invested in it by the foregoing provision,

and hence must be held to be not reviewable upon this appeal, except for an abuse of discretion, which is not shown.''

No abuse of discretion appears under the circumstances of this case.

The judgment is affirmed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Houser, J., and Gibson, C. J., concurred.