CHRISTIE, Appellant, *v.* MORRIS et al., Respondents.

(No. 8377.)

(Submitted October 14, 1943. Decided May 18, 1944.)

[149 Pac. (2d) 250.]

*Mr. Harlow Pease,* for Appellant, submitted an original and a supplemental brief, and argued the cause orally.

*Mr. H. A. Tyvand,* for Respondents, submitted an original and a supplemental brief, and argued the cause orally.

*Messrs. McCaffery & McCaffery,* appearing as *amici curiae* on petition for rehearing, submitted a brief.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This appeal is from a judgment dismissing a complaint after motions to strike and demurrers had been sustained in the two causes of action therein contained. The case on appeal was originally decided by this court on December 2, 1943. A petition for rehearing was filed and the opinion was modified by a minute entry of January 20, 1944. Petition for rehearing directed to the amended decision was filed.

The amended complaint sets up two causes of action. The first cause of action states that the plaintiff is a judgment creditor of Patrick Morris; that when the judgment was recovered the property stood in the name of the judgment debtor who claimed an interest in it and that the Hamrys were then in possession of the property as purchasers; finally that the judgment is a lien upon Morris' interest in the real estate but that the extent of that interest is unknown to the plaintiff but that upon information and belief such interest is substantial and the prayer is that the court adjudge the amount of the interest of Morris in the property and adjudge the existence of the amount of the judgment lien.

Plaintiff's allegation that "the extent of the said interest [of Morris in the property] is not disclosed of record and plaintiff has not sufficient information to form a belief as to the extent or value thereof but alleges that the same was and is substantial and that he is entitled to have the extent of said lien adjudged and determined to the end that the same may be enforced by the process of this court" was stricken by the lower

court upon the defendant's motion, as being "sham, conclusion, irrelevant, incompetent, immaterial, redundant, surplusage and frivolous." Upon the appeal, the appellant placed before us this allegation. An examination by this court of the language ordered stricken, considered in connection with the rest of the complaint, reveals nothing to indicate that it is in any of the categories contained in the objection made by the defendant in his motion to strike. Nothing in the defendant's brief or argument indicates in what manner the language is subject to the statutory objections he has made and which are the basis of the trial court's order. In the absence of this showing on the part of the respondent this court will but examine the pleadings for defects which may appear upon their face. This we have done and can find nothing objectionable in the allegation which would warrant striking it under the statute.

The trial court sustained a general demurrer to this first cause of action. It is respondent's position that the demurrer was properly made upon the theory that this first cause of action was an attempt to quiet title to Morris' interest in the property under section 9479 et seq., Revised Codes, and that those sections provide the exclusive method by which the existence and extent of a lien in real estate may be adjudged. The plaintiff, according to his allegation, had his judgment against Morris and he could properly have proceeded under section 9457 which permits the examination of judgment debtors or those having property belonging to them to determine the existence and extent of the debtor's lien upon the property in question. Under our view, however, the proceeding to quiet title and the supplementary proceedings under section 9457, are not necessarily exclusive. South Dakota's statute, section 2846, Revised Codes of 1919, is in all material respects the same as our section 9479, providing for action to determine title to real property. In *Fridley* v. *Munson*, 46 S. D. 532, 194 N. W. 840, 841, 30 A. L. R. 501 that court considered a case on all fours with the one now before us. Argument was made there that resort should have been had to section 7082, Revised Codes of South Dakota

1919, which provides a proceeding in equity cases similar to that provided in our section 9457. The court held that the judgment creditor might maintain his action for relief in exactly the same form as plaintiff here seeks to do in the first cause of action and that the existence of a remedy such as is found in our section 9457 does not bar the pursuit of the same remedy as is followed by the plaintiff here. South Dakota has no statute specifically covering a suit couched in the terms of the complaint in the *Fridley Case* or of the first cause of action in our amended complaint. It should be pointed out as the respondent in his second petition for rehearing urges that the difference in the statutes in South Dakota from those found in Montana, takes the force away from the *Fridley Decision* as a precedent for us. The first cause of action is not an attempt to quiet title as the respondent urges, while as in the *Fridley Case* it is merely an attempt to ascertain the nature and extent of his lien upon the property.

This lien, if one exists, arises not out of a claim against the estate of Eleanor Morris as the respondent suggests, but is a lien arising by reason of a judgment against Patrick Morris as the sole legatee of Eleanor Morris.

What we have said disposes of the demurrer. The portion stricken still leaves a good cause of action. Were it restored there could be no question of the sufficiency of the amended complaint as to this first cause of action. Plaintiff had pleaded that he is a judgment creditor of the defendant Morris; that Morris has an interest in the real property then in the possession of the Hamrys and his prayer is that the existence, nature and extent of the lien be determined. The trial court was in error in granting the motion to strike and in sustaining the demurrer and entering judgment thereon.

The purpose of the second cause of action is to have a decree of partial distribution covering the property in question set aside. The allegations are that Eleanor M. Morris was the owner of the property during her lifetime, that she died testate and subsequently her will was admitted to probate, that Patrick J. Morris, one of the defendants here and the debtor in the first

cause of action, was appointed executor of the will. Then follows an allegation, which was on motion of the respondents stricken by the court, that a creditor's claim was presented to Morris, as executor, in the amount of $4,680 and allowed in the full amount, and that, except for a payment of $1,000 made on the claim, it is wholly unpaid and constitutes a lien upon the assets of the estate. The same objections were made to this allegation as were made to the allegations stricken from the first cause, without any attempt, so far as the record shows, to point out in what particular and for what reason the allegation came within any one or all of the objections made. The complaint then goes on to allege that the estate of Eleanor M. Morris has never been fully administered and there remain claims in the total amount of $3,758.87 unpaid, and that the executor has never rendered an account nor made any attempt to close up the state. This allegation was allowed to remain. It is then alleged that the decree of partial distribution was made in the estate matter covering the property here in question, and that the attempt to decree a partial distribution was null and void and was rendered without the court having jurisdiction to give or render the same. The motion to strike did not cover these allegations. The complaint then goes on to allege the amount of the claims, the condition of the assets, the insolvency of the estate, the fact that the First National Bank of Butte, Montana, of which plaintiff is an assignee, was one of the creditors and entitled to the residue of the estate pro rata with other creditors, that as between the defendant Morris, who is a legatee of the estate, and the creditors, Morris is entitled to take nothing, and that the creditors had a lien on the assets of the estate. Upon the same general motion as heretofore adverted to this latter portion of the second cause of action was ordered stricken. It is then alleged in general terms that sections 10318 to 10323, Revised Codes 1921, describing the conditions and requirements for partial distribution of estates were not complied with. The court then sustained motions to strike the allegations that particularize in what manner these sections were not complied with; that is, that no showing

was made that the estate was but little indebted, no bond was delivered or executed, that certain misrepresentations were made by the defendant Morris, that the defendant Hamrys purchased with notice of the defect in the decree of partial distribution, that Morris refinanced the mortgage lien existing upon the premises after the decree of partial distribution, that he sold the property to the defendant Hamrys subject to the mortgage and did collect and receive from Hamrys a sum of money as the price of his equity in said property over and above the mortgage, which amount the plaintiff alleges is unknown, that plaintiff became successor to and owner of the claim of the First National Bank of Butte, Montana.

What we have said as to the motion to strike the allegations in the first cause of action applies here. Respondent's general contention is that a motion to strike these allegations was properly sustained upon the theory that the matters touching upon the decree of partial distribution may only be properly pleaded by setting out the proceedings *in haec verba* of the court sitting in probate touching on this decree. This, of course, is not the law. While those proceedings could have been properly set out *in haec verba* in the complaint, there is no rule of law requiring that they be so set out, and there is nothing to prevent the plaintiff from setting out the ultimate facts, as he has, in connection with those proceedings, rather than to show those facts by copying those proceedings in his complaint. The motion to strike was improperly granted.

Much of the argument before this court on the original argument and on the petition for rehearing is to the effect that defendant here sought to use the motion to strike as a demurrer. This seems to be the case, as it may readily be seen that the order to strike the portions of the second cause of action objected to, removed from that cause of action all the material allegations necessary to make up a statement of a cause of action. (See *Flatt* v. *Norman,* 91 Mont. 543, 11 Pac. (2d) 798.) The demurrer to the second cause of action as reduced by the order striking portions of it left the cause of action susceptible to the general

demurrer and the court could do but one thing and that was to sustain that demurrer.

The motions to strike being erroneously sustained, it follows that the demurrers must also be overruled. However since the appeal is from the judgment after the sustaining of the demurrers which were directed to the complaint after the portions were stricken we cannot at this time pass upon the validity of the demurrers to the complaint with the stricken language reinstated. The judgment is reversed and the cause is remanded with directions to overrule both motions to strike and demurrers and to allow defendant to plead further by demurrer or otherwise. Remittitur forthwith.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANDERSON, MORRIS and ADAIR concur.

Rehearing denied May 18, 1944.