CHRISTIE, Appellant, v. MORRIS, Et Al., Respondent.

No. 8673

Submitted September 25, 1946. Decided December 12, 1946.

176 Pac. (2d) 660

See also 149 Pac. (2d) 250.

Mr. Harlow Pease, of Butte, for appellant.

Mr. H. A. Tyvand, of Butte, for respondents.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action in equity tried to the court without a jury resulting in a decree in favor of defendants Bernard J. and Helen J. Hamry and against plaintiff.

Plaintiff has appealed from the judgment. The complaint contains two causes of action which will be separately considered.

In the first cause of action plaintiff asked the court to determine and ascertain the interest in certain described property which was alleged to be subject to the lien of a judgment obtained by plaintiff against defendant Morris, the property involved being held by defendants Hamrys under a contract of purchase from defendant Morris.

The facts relating to the first cause of action shown either by evidence or admission in the pleadings are these: Plaintiff recovered a judgment in Silver Bow county against Morris on February 13, 1940, for $5,786.65. At that time the record title to the property described in the complaint was in defendant Morris but the Hamrys were in possession under a contract of purchase from Morris dated November 9, 1939. An escrow deed of the same date and the contract of purchase were in the possession of a real estate dealer in Butte. On February 13, 1940, the balance due on the contract from Hamrys to Morris was $44.75. On March 1, 1940, Hamrys paid the real estate agent the $44.75 and received the escrow deed.

Plaintiff contends that the court erred in not finding that on February 13, 1940, Morris had an interest in the real property involved and that plaintiff's judgment constituted a lien upon that interest.

The escrow agreement, among other things, provided that all payments on the balance of the purchase price shall be made and paid into the office of Bolever, the realtor of Butte, with

whom the escrow agreement and deed were deposited. It provided that upon the payment of the balance of the purchase price at the times and in the manner specified in the agreement the deed should be delivered to the Hamrys and otherwise it should be returned to Morris. Time was made of the essence of the contract. It also contained this paragraph: "In the event the parties of the second part shall fail to make any payment as herein provided, or shall fail to pay the taxes and assessments upon said property before the same shall become delinquent or shall fail to insure the said property and pay the insurance premiums as herein provided, or shall fail to comply with any term or condition of this agreement, this agreement shall be at an end, and all sums of money paid hereunder shall be deemed agreed rent for said premises, the withholding thereof from a sale to others, and the consideration for the execution of this agreement and shall be retained by the party of the first pary as such.

"Upon default at option of first party and upon 30 days written notice, the party of the first part shall have right to re-enter said premises and repossess same, and the parties of the second part shall be deemed thereafter as a tenant from month to month at an agreed monthly rental of Thirty and No/100 Dollars."

The courts are not in agreement as to whether a judgment docketed against the vendor of lands contracted to be sold constitutes a lien upon the interest of the vendor to the extent of the unexecuted portion of the contract. In 31 Am. Jur., Judgments, sec. 320, it is said: "The general rule is that the interest of a vendor in lands contracted to be sold is bound by the lien of a judgment recovered against him while the contract is unexecuted, to the extent to which it is unexecuted. It is, however, held in some cases that a judgment against a vendor constitutes no lien on his interest as to the unpaid purchase money although the legal title is in the vendor."

Most of the cases supporting the view that a lien exists are those in which the purchaser when he made the payments after

the docketing of the judgment did so with actual notice of the judgment. The cases of Wehn v. Fall, 55 Neb. 547, 76 N. W. 13, 70 Am. St. Rep. 397; May v. Emerson, 52 Or. 262, 96 Pac. 454, 1065, 16 Ann. Cas. 1129, and Heath v. Dodson, 7 Wash. (2d) 667, 110 Pac. (2d) 845, are examples. In note 12, in 31 Am. Jur., Judgments, sec. 320, the author points out that, ''The general rule, however, is that if the vendee has no notice of a judgment against the vendor he is justified in making further payments to the vendor as called for by the contract.'' A number of cases are there cited in support of the statement. And in the note in 87 A. L. R. 1515, it is said: ''By the weight of authority, a vendee in possession under an executory contract is not bound to take notice of the docketing of a judgment against the vendor so as to deprive him (vendee) of credit, as against the judgment creditor or one succeeding to the latter's rights in respect of payments made to the vendor (judgment debtor) after the entry or docketing of a judgment and before actual notice thereof.'' Four cases are there cited in support of the majority view while there is but one case taking the contrary view.

Here there was no evidence tending to show that when defendants Hamrys made the final payment on March 1, 1940, they had actual knowledge of the judgment rendered against Morris on February 13, 1940, and there was no attachment as in the case of Knapp v. Andrus, 56 Mont. 37, 180 Pac. 908, relied upon by plaintiff, and as in the case of Coggshal v. Marine Bank Co., 63 Ohio St. 88, 57 N. E. 1086. Before plaintiff may assert a judgment lien prior to the right of Hamrys who but complied with the terms of their contract in making payments, he had the burden of showing that they had actual notice of the docketing of the judgment at the time they made the payment in question.

The lower court was right in holding that the judgment against Morris did not under the facts shown by the evidence constitute a lien upon the unpaid purchase price so as to affect the rights of the purchaser who paid part of the pur-

chase price after the judgment was docketed, but so far as the record shows, without actual notice or knowledge of the judgment.

In the second cause of action plaintiff seeks to set aside a decree of partial distribution in the estate of Eleanor M. Morris, deceased, involving the same property described in the first cause of action and to have it adjudicated that the property is subject to a trust or lien in the sum of $994.50 representing the amount which Hamrys paid to Morris to the detriment of estate creditors.

The facts alleged are these: That Eleanor M. Morris during her lifetime was the owner of the property involved; that she died on February 18, 1928, leaving a will which was later duly admitted to probate and her husband, Patrick J. Morris, was appointed executor; that the First National Bank of Butte about June 1, 1928, presented a claim against the estate which was allowed and still remains unpaid to the extent of about $3,700. On January 2, 1934, on petition of the executor, a decree of partial distribution of the estate was made whereby the property here involved was distributed to Patrick J. Morris, the sole devisee named in the will. It is alleged that this decree was void because: First, the estate was then indebted in the sum of $3,758.87 and subject to costs of administration amounting to about $500; that the assets of the estate never exceeded in value the sum of $3,000 and the estate was insolvent; that the creditors, including the First National Bank of Butte, were entitled to the residue of the estate pro rata and have a lien thereon;

Second, there was no compliance with sections 10318 to 10323, Revised Codes of 1921, because (a) it was not shown that the estate was but little indebted and (b) no bond was furnished as therein directed.

It is alleged that the decree of partial distribution was procured on the representation that the rights of creditors were not to be impaired but that the partial distribution was being petitioned for to preserve the value and equity of the real proper-

try for the benefit of all persons interested in the estate, including the creditors, and that the representations were a matter of record, known to the Hamrys before they purchased the property; that defendant Morris thereafter sold the property to defendant Hamrys and received a sum of money therefor which in equity belongs to the creditors of the estate; that plaintiff has succeeded to the rights of the First National Bank by assignment and also by virtue of subrogation, he having been compelled to pay the note as accommdation co-maker and surety.

The answer of defendant Hamrys admits that the claim of the bank was allowed as a creditor's claim against the estate and that a decree of partial distribution was had whereby the property involved was distributed to defendant Patrick J. Morris who sold to defendant Hamrys and denies generally the other allegations of the complaint. It alleged that besides the claim of the bank only two other claims were presented against the estate, one for $38.72 and the other for $40.15, and alleged that the claim of the bank had been paid in full and that plaintiff consented to the decree of partial distribution and that he is estopped from questioning the validity of that decree; that plaintiff had received an assignment on July 14, 1931, of all of the estate from Patrick Morris, the sole devisee, and thereafter he reassigned the property to Morris that the latter might obtain the decree of partial distribution; that Morris petitioned the court at the instance and request of plaintiff that the former might obtain a loan from the Home Owners' Loan Corporation in a sufficient amount to pay delinquent taxes and to pay off Loretta Nieberall to prevent her from obtaining a sheriff's deed, she being the holder of a sheriff's certificate of sale issued about a year before; that after hearing the petition, the decree was entered; that Morris sold the property to Hamrys who assumed a mortgage of $1,600 plus in favor of the Home Owners' Loan Corporation and paid Morris $994.50 for his equity in the property; that Hamrys thereupon took and ever since has had possession thereof; that by reason of the foregoing,

plaintiff is estopped and barred from questioning the validity of the decree of partial distribution.

The court found that since plaintiff requested the court to grant the petition for the distribution of the property to Morris he waived any right that he might have as a creditor of the estate and is estopped and barred from asserting any interest in the property.

Plaintiff asserts that there was no compliance with section 10323, Revised Codes, in that the facts refute the requirement that the estate is "but little indebted." The petition for distribution recited: "That A. S. Christie of Butte, Montana to whom petitioner on the 14th day of July, 1931, assigned, transferred and set over all his right, title and interest in and to the property of said estate, as appears by Assignment thereof, filed herein on said 14th day of July, 1931, is willing, in event such distribution be made, to re-assign to petitioner all right, title and interest in and to said home property by said A. S. Christie by said assignment acquired. That in nowise can the creditor's claim of said First National Bank of Butte, or other creditor's claim, be affected by such distribution, for that there is other property belonging to said estate which in normal times would sell for sufficient to liquidate such claims; besides, which if distribution be not decreed as prayed, said mortgagee will thereupon apply for Sheriff's Deed and obtain title to said premises to the exclusion of creditors; furthermore, said creditor's claim of said Banks is based upon promissory notes signed by others as makers thereof in addition to Mrs. P. J. Morris, otherwise known as Eleanor M. Morris, now deceased."

The petition for distribution was heard on March 30, 1933 and on that day there was filed an assignment signed by plaintiff reading in part as follows: "And I, the said A. S. Christie, hereby request that the said described real property be by the District Court of the Second Judicial District of the State of Montana, in and for the County of Silver Bow, distributed,

in due course of administration of said estate to the said Patrick Morris.''

In the decree of partial distribution it was found, ''that the said estate of said Eleanor M. Morris, deceased, will in no wise be impaired by partial distribution thereof,'' and granted the petition and distributed the property to Patrick J. Morris without any conditions or restrictions whatsoever. The order was made on December 30, 1933. No appeal was ever taken from the order and it is not permissible for plaintiff who joined in the request for the order to now complain that the court did what he asked it to do. ''It is a well established rule, * * * that the records of a court of justice, including the record of a judgment, import absolute verity; and no one, whether or not a party to the proceeding in which they were made, may in a collateral proceeding impeach them by adducing evidence in denial of the facts of which they purport to be a memorial.'' 31 C. J. S., Estoppel, sec. 5, p. 194. This rule applies also to probate courts. 30 Am. Jur., Judgments, sec. 149, p. 902.

There is no evidence of fraud of any kind in procuring the decree. If there was any overreaching on the part of Morris it was not in obtaining the decree of partial distribution.

It may be that plaintiff has or had a remedy against Morris for breach of contract but certainly he cannot complain that the court did what he asked it to do, viz., distribute the property to Morris. Hamrys had the right to act upon the decree thus made and to purchase the property from Morris. The court was right in holding that plaintiff has no interest in the property. If he had any remedy it is against Morris and not against defendants Hamrys or the property held by them.

Plaintiff argues that Patrick J. Morris held the property as executor and thus in trust for creditors. This contention overlooks the fact that when the property was decreed to Morris under the decree of partial distribution it was decreed to him individually as sole devisee under the will and his trust

relationship ceased so far as the property here involved was concerned.

The court was right in holding that plaintiff is barred from questioning the validity of the decree of partial distribution and that plaintiff has no lien or claim upon the property in question.

The only other point requiring consideration arises because of defendants Hamrys' cross-assignment of error in which they contend the court erred in disallowing certain items of costs. The items in question all pertain to costs incurred by defendants on the former appeal (116 Mont. 210, 149 Pac. (2d) 250) and costs assessed against them and paid to plaintiff after reversal on the former appeal. Defendants Hamrys rely upon the case of Brunnabend v. Tibbles, 76 Mont. 288, 246 Pac. 536, 539, as sustaining their right to the costs on the former appeal. The Tibbles case does not have application here. In that case plaintiff was successful on both appeals and hence the court held that he was entitled to costs in both trials under section 9787 which was sufficiently broad as the court said, "to entitle such successful party to recover all of his costs of the action, whether incurred in one or more trials wherein he was not at fault in incurring the additional costs." The costs incurred on the former appeal were incurred because of the fault of defendants Hamrys in interposing what this court held was an untenable motion to strike. Under the circumstances here the court was right in disallowing the items of costs complained of.

The judgment is affirmed.

Mr. Chief Justice Lindquist and Associate Justices Morris, Adair, and Cheadle, concur.

On Motion for Rehearing.

Per Curiam.

On motion for rehearing plaintiff contends that he is entitled to prevail on the first cause of action under the rule announced by this court because he points out that an

abstract of title was furnished to defendants Hamrys before the last payment on the purchase price was made and hence that they had notice of the judgment when the payment was made.

It is true that the record shows the furnishing of an abstract of title to Hamrys but it fails to show what was in the abstract or as of what date it was certified or as to whether it was furnished before or after the judgment was entered. We cannot assume without proof that it contained a reference to this judgment or that it constituted actual notice of the judgment as to defendants Hamrys.

Plaintiff also contends that this court has not disposed of his contention that the lower court had no jurisdiction to make partial distribution without requiring a bond to protect credit-ors. Section 10323 authorizes the court or judge to dispense with the bond, if satisfied "that no injury can result to the estate."

When the petition for partial distribution was filed and noticed for hearing the court had jurisdiction of the subject matter and of the parties. If the facts did not warrant the making of the order of partial distribution without bond, it was error within "jurisdiction," reviewable only by an appeal and it would not render the decree of partial distribution subject to collateral attack for want of jurisdiction. State ex rel. Enochs v. District Court, 113 Mont. 227, 123 Pac. (2d) 971, and cases therein cited.

The motion for rehearing is denied.

Rehearing denied Jan. 3, 1947.