CITY OF CUT BANK, APPELLANT, *v.* CLAPPER MOTOR CO. ET AL., RESPONDENTS.

No. 8726

Submitted May 23, 1947. Decided July 1, 1947.

182 Pac. (2d) 474

Messrs. Murrills & Frisbie, of Cut Bank, for appellant.

Mr. Horace W. Judson, of Cut Bank, and Messrs. Hall & Alexander, of Great Falls, for respondent.

MR. JUSTICE METCALF, delivered the opinion of the Court.

On or about the 19th day of September, 1927, the city of Cut Bank, the plaintiff below and the appellant herein, created a special improvement district for the purpose of constructing a sewer in the alley of blocks 7, 9 and 10 of the original townsite of the city of Cut Bank. The costs of construction of the sewer were assessed against the property benefited thereby and special assessments against the property in the sewer district were made by resolution passed by the city council, payable in annual installments from the year 1928 to 1937 inclusive. Eighteen bonds in the amount of $500 each and one bond in the

amount of $250 were issued and serially numbered from 1 to 19. The first 15 bonds have been paid and $250 has been paid on bond No. 16. Bonds Nos. 17, 18 and 19 are wholly unpaid. The present owner of the bonds Nos. 16 to 19 inclusive is the First National Bank of Browning, Montana.

The plaintiff city of Cut Bank is allegedly the owner and holder of a lien against ten lots in the special improvement district for unpaid assessments together with interest thereon. The plaintiff has brought this action to quiet title to the special assessment lien and to have ''declared and adjudged that the right, title and interest of the defendants is subject to the lien of the plaintiff and that defendants be forever restrained and enjoined from asserting any right, title and interest prior to or superior to the lien of the plaintiff.'' The defendants in the action are alleged to be the owners of one or more of the lots in fee simple.

A general demurrer to the plaintiff's complaint was interposed and sustained, whereupon an amended complaint was filed and again a general demurrer was sustained without leave to further amend. Judgment was entered dismissing the complaint and from that judgment the plaintiff has taken this appeal.

It is plaintiff's contention that the lien for special improvement assessments which the city holds for the benefit of the bond holders is such an interest as will authorize the maintenance of a suit to quiet title. The lien asserted is that prescribed by section 5247 Revised Codes of Montana 1935. ''Any special assessment * * * shall constitute a lien upon and against the property upon which such assessment is made and levied, * * *.''

A lien is defined by section 8219, Revised Codes. ''A lien is a charge imposed in some mode other than by a transfer in trust upon specific property, by which it is made security for the performance of an act.''

Section 8229, Revised Codes, provides: ''Notwithstanding an agreement to the contrary, a lien, or a contract for a lien, transfers no title to the property subject to the lien.''

It has been held that the assessment lien partakes of the nature of a lien created by mortgage. (5 McQullin, Municipal Corporations, 2nd Ed., secs. 2258 and 2262.6) And in Barth v. Ely, 85 Mont. 310, 317, 278 Pac. 1002, 1005, the court said: "A mortgage passes no title but creates a lien upon the property as security for the payment of a debt or the performance of an act [citing cases] and whenever our Legislature has referred to a 'lien' upon either real estate or personal property, that reference must be construed to include a mortgage, unless the contrary intention is expressed."

Section 9479, Revised Codes, is the section authorizing the suit to quiet title. "An action may be brought and prosecuted to final decree, judgment, or order, by any person or persons, whether in actual possession or not, *claiming title* to real estate, against any person or persons, both known and unknown, who claim or may claim any right, title, estate, or interest therein, or lien or encumbrance thereon, adverse to plaintiff's ownership, or any cloud upon plaintiff's title thereto, whether such claim or possible claim be present or contingent, including any claim or possible claim of dower, inchoate or accrued, for the purpose of determining such claim or possible claim, and quieting the title to said real estate * * *" (Emphasis added.)

"There is some diversity of holding with respect to the right of a creditor, lienor or encumbrancer to maintain an action to quiet title, remove a cloud thereon, or determine an adverse claim, due in part to statutory provisions on the subject and to variance in such provisions." 44 Am. Jur., Quieting Title, sec. 52.

The plaintiff has cited a line of cases from South Dakota which hold that the owner of a mortgage lien upon real property could maintain an action to quiet title against defendants holding a tax title.

The first such case was Battelle v. Wolven, 19 S. D. 87, 102 N. W. 297, 298. That action was brought under the South Dakota statute which then read: "An action may be brought by

any person against another claiming an estate or interest in real property. * * *'' Sec. 2846 So. Dak. Comp. Laws 1929. In that case the South Dakota court said: ''It is true that under our statute the mortgagee or his assignee only has a lien upon the property for the amount of his debt, *and does not, therefore, have what is denominated strictly an equitable title;* but, as his lien may ripen into a perfectly legal title upon the sale of the property, if no redemption is made within the time limit by law, we can discover no reason why a party having such a lien should not be entitled to maintain the action, *as well as one having a legal or equitable title to the property.*'' (Emphasis added.)

The remaining South Dakota cases cited by the plaintiff, Rhomberg v. Bender, 28 S. D. 609, 134 N. W. 805, and Newton v. McGee, 31 S. D. 216, 140 N. W. 252, relied on Battelle v. Wolven, supra.

California, which has the same ''any person'' statute as South Dakota, in the case of Stenzel v. Kronick, 102 Cal. App. 507, 283 Pac. 93, held that the holder of a judgment lien did not have such an inteerst in property as would warrant the maintenance of an action to quiet title. However, the California court indicated that if a specific lien were the basis of the complaint an action to quiet title would lie. The South Dakota and California cases were decided under statutes materially broader than section 9479, Revised Codes. A closer case is that of Cook v. Pontious, 98 Fla. 373, 123 So. 765, which arose under the Florida statute, section 66.11, Florida Statutes 1941, which provides: ''Any person or corporation, whether in actual possession or not, claiming title, legal or equitable * * *'' may maintain a bill in equity to quiet title. This statute is like Montana's insofar as the plaintiff's right to maintain the action is concerned. The holders of a mortgage lien on real property sought to have their title quieted to the property. The court said [98 Fla. 373, 123 So. 766] ''Section 5005, Comp. Gen. Laws of 1927 [now sec. 66.11 Fla. Statutes of 1941, F. S. A.] authorizes one who claims title

legal or equitable in real estate to maintain a bill in equity to quiet the title thereto. The appellants, * * * had no such legal or equitable title to the property described in the pleadings as would entitle them, or either of them, to pray for the quieting of the title to same." See also, Peninsular Naval Stores Co. v. Cox, 57 Fla. 505, 49 So. 191, and In re Reynolds' Estate, 90 Utah 415, 62 Pac. (2d) 270, and cases cited therein at page 271.

In Christie v. Morris, 116 Mont. 210, 149 Pac. (2d) 250, 251, this court said: "South Dakota's statute, section 2846, Revised Codes of 1919, is in all material respects the same as our section 9479." For the purposes of that specific case the statement may have been correct but insofar as the provisions for a plaintiff in an action to quiet title to real property is concerned, the South Dakota statute is broader than that of Montana. The Montana statute makes the remedy available only to plaintiff claiming title to real property. In South Dakota apparently any person having any estate, interest, lien or encumbrance on real property can maintain a quiet title action. Also in Christie v. Morris, supra, the court implied that the holder of a judgment lien had such an interest in real property that an action to quiet title could be maintained. In that case the question was raised by demurrer. The specific decision in the case was that a motion to strike which had been sustained before the demurrers were filed was erroneously sustained and the conclusion of the court was that since the motion to strike was erroneously sustained, the demurrers must be also overruled. The court said: "However since the appeal is from the judgment after the sustaining of the demurrers which were directed to the complaint after the portions were stricken we cannot at this time pass upon the validity of the demurrers to the complaint with the stricken language reinstated."

Therefore the court did not pass upon the question of whether the holder of a judgment lien had sufficient title to maintain a quiet title suit because that was the portion of the complaint that had been stricken on the motion to strike. Nor was there dis-

position of that question when the case was again before this court in Christie v. Morris, Mont. 176 Pac. (2d) 660.

In view of the provisions of section 8229, Revised Codes, and ▆ decisions from this and other jurisdictions that a lienor does not have a title, either legal or equitable, it is our conclusion that a lien holder in this state is not a claimant of title and therefore does not have a sufficient interest in land to maintain an action to quiet title to real property.

However, the plaintiff contends that if an action does not lie ▆ under section 9479, Revised Codes, to quiet title to real property, he has an action under section 9478.1 to quiet title to personal property. That section provides that "any person claiming title to personal property * * * may bring an action * * * against any person or persons claiming any interest therein * * *."

Here there is no allegation that the defendants claim any interest in either the bonds held by the First National Bank of Browning or any interest in the lien held by the plaintiff. There is no adverse interest shown in the personal property. The plaintiff cannot bring the defendant owners of real property into court to sustain their title to real property in an action to quiet title to personalty. What remedy if any the plaintiff may have is not here involved. The plaintiff cannot use sections 9478.1 or 9479 as an alternative method of foreclosing a lien but must rely upon the action provided by statute.

The judgment is affirmed.

Mr. Chief Justice Adair and Associate Justices Choate, Angstman, and Cheadle, concur.