CAVANAUGH, Judge.
Plaintiff instituted this suit against defendants, husband and wife, for a declaratory judgment under LSA-R.S. 13:4232, to have a certain lot of ground situated in the Parish of East Baton Rouge, in the subdivision known as North Highlands Estates, to be declared community property and subject to a money judgment obtained by him against the defendant, Charles C. McDowell. He alleges that he obtained a judgment on May 22, 1952, in Suit No. 41628 on the docket of the Nineteenth Judicial District Court, and annexes to his petition and makes a part thereto a certified copy of the judgment, which does not appear from the copy attached to have ever been recorded in the mortgage records of East Baton Rouge Párish. Plaintiff alleges that the defendant, Charles C. McDowell, is presently married to and living with Mrs. Margie I. McDowell, born Varnado, and was married to her on December 3, 1942; that on December 3, 1942 the defendant, Mrs. Margie I. McDowell purchased from Earl F. Green the property described in this suit; and he further alleges that it is an asset of the community of acquets and gains existing between the defendants and is subject to a levy in execution of his judgment.
The plaintiff also attaches to and makes a part of his petition a certified copy of the act of sale from Earl F. Green to Margie Iola McDowell dated December 3, 1942. The defendant filed an exception of no cause and no right of action, which was sustained in the lower court and from which an appeal to this Court has been perfected.
The District Judge assigned written reasons for sustaining the exception of no cause and no right of action and held that the plaintiff had at his disposal another remedy rather than resorting to the declaratory judgment statute, and that on the trial of this case it would be necessary to determine disputed questions of fact, including the source of the funds with which the defendant, Mrs. McDowell is alleged to have purchased the property and the character of the funds, and that any decision that he might render might not be a final determination of the rights of the husband and wife as between each other; that it was never intended that the declaratory judgment act should supersede the law applicable to cases where there exists a serious dispute as to the facts of the case.
We concur fully in the ruling of the trial judge because the law of Louisiana is that property acquired during the existence of the marriage is presumed to be community property, and this presumption exists in spite of any written recitation in the instrument of acquisition between the husband and wife or by either of them. If the property is taken in the name of the wife alone with the recitation that it is purchased with her own separate and parapher-nal funds and under her own separate administration and control, and if the husband joins in said acquisition, it still does not destroy the presumption that it is community property.1' When the wife’s ownership of the *385 property is challenged for any reason by the heirs of the husband or a judgment creditor, she is still required to prove the parapher-nality of the funds and that they were under her exclusive administration and control and were invested for her separate benefit. The only thing the joinder of the husband does in the act of acquisition is to estop him from asserting a claim to the property as head and master of the community to the detriment of the wife. Johnson v. Johnson, 213 La. 1092, 36 So.2d 396.
The plaintiff assumes 'by this proceeding that there is a justiciable controversy between him and the defendant, Mrs. Margie I. McDowell. Plaintiff claims no interest in the property. Furthermore, the plaintiff cannot anticipate that the defendant wife will enjoin an execution of his judgment under final process. No actual justiciable controversy exists between plaintiff and defendant, Margie Iola McDowell, in the absence of an actual seizure of the property under final process.
If the property acquired in the name of the wife is actually the property of the community, plaintiff’s judgment became a lien on it at the time of its registry in the mortgage records. The only reason or purpose for seeking a judgment under the declaratory judgment statute is to determine whether or not the property is community or the separate property of the wife so plaintiff can execute his judgment without taking the chance of being mulcted in damages for a wrongful seizure if, on trial, the proof shows that the property is the separate property of the wife. We do not believe any court would condemn the plaintiff in damages for seizing the property registered in the name of the wife in face of the presumption that it is community property according to the public records. City Bank & Trust Co. v. Moran, 11 Orleans App. 310. The status of the property can be determined after the seizure under final process as well as it can be here. The declaratory judgment statute is supposed to supplement existing remedies and not to be a substitute for them. Plaintiff has an adequate expeditious remedy by seizure and sale of the property, and in which proceeding the ownership can be determined. We do not believe that this proceeding should be entertained. A ruling favorable to plaintiff here would encourage every judgment creditor of a husband whose wife had property registered in her name to the task of proving her ownership and encourage litigation on past transactions, and would require courts to make judicial investigations on disputed questions of fact. Stenzel v. Kronick, 102 Cal.App. 507, 283 P. 93; 68 A.L.R. 119; Maguire v. Hibernia Savings & Loan Co., 23 Cal.2d 719, 146 P.2d 673, 151 A.L.R. 1062; 5 Decennial Digest, Declaratory Judgment, @=^188.
Relief under a proceeding for a declaratory judgment will not be granted unless the declaration shows: '
(1) There must be a justiciable controversy at the time the declaration is filed.
(2) That there is no other adequate remedy.
(3) It may be refused if relief can only be granted after a judicial investigation of disputed facts, especially where such questions will be subject of investigation in a traditional action.
For the reasons assigned, judgment appealed from is affirmed.