## In re HEALTH PLAN OF THE REDWOODS, Debtor.

### No. 02–11358.

United States Bankruptcy Court, N.D. California.

June 30, 2002.

Samuel R. Maizel, Pachulski, Stang, Ziehl, Young, Los Angeles, CA, for Debtor.

Edward G. Myrtle, Office of the U.S. Trustee, for U.S. Trustee.

Christopher Love, Law Offices of Stromsheim and Assoc., San Francisco, CA, for Other Professional.

Aron M. Oliner Buchalter, Nemer, Fields and Younger, San Francisco, CA, for Creditors Committee in the Health Plan of the Redwoods.

### Memorandum of Decision on Motions for Relief from Stay

ALAN JAROSLOVSKY, Bankruptcy Judge.

Debtor Health Plan of the Redwoods ("HPR") is a non-profit health maintenance organization. Seventeen medical doctors who are under contract to provide medical services to members of HPR have asked the court for relief from the automatic stay to give notice and terminate their relationship with HPR.

The court's first inclination was to set the motions for final hearing pursuant to § 362(e) of the Bankruptcy Code. However, all parties have urged the court to reach a speedy decision and agree that a

final hearing is not necessary. The physicians argue that their motions ought to be summarily granted because their contracts are not assumable under the Bankruptcy Code but agree with HPR that the motions should be denied if the contracts are assumable.

The Bankruptcy Code provides that most contracts to which the debtor is a party may be assumed and assigned to a new entity or the reorganized debtor if certain conditions are met. However, it also provides that a contract is not assumable if state law excuses the non-debtor party from having to perform for anyone other than the debtor. 11 U.S.C. § 365(c)(1). In this case, the physicians argue that § 3390 of the California Civil Code is such a state law. That statute excepts from compulsory performance "an obligation to render a personal service." The physicians argue that their contracts are personal service contracts and therefore cannot be assumed.

There is a conspicuous hole in the physicians' logic. They assume that their contracts are personal service contracts, but cite no authority for their position. The court's research leads it to a different conclusion.

■ Because they have the potential to thwart a debtor's reorganization efforts, exceptions to assignability are narrowly construed. *In re Grove Rich Realty Corp.*, 200 B.R. 502, 507 (Bkrtcy.E.D.N.Y.1996); *In re Rooster, Inc.*, 100 B.R. 228, 233 (Bkrtcy.E.D.Pa.1989); *In re Compass Van & Storage Corp.*, 65 B.R. 1007, 1012 (Bkrtcy.E.D.N.Y.1986). Whether or not a contract is a personal services contract is a question of fact to be made under state law after all facts and circumstances are considered. *In re Headquarters Dodge, Inc.*, 13 F.3d 674, 683 (3rd Cir.1993). It generally depends on the sui generis attributes of the performance. *Matter of Noonan*, 17 B.R. 793, 798 (Bkrtcy.S.D.N.Y.1982). In order to be considered a personal service

contract, there must be a special relationship between the parties or the party to perform must possess special knowledge or a unique skill, such that no performance save that of the contracting party could be meet the obligations of the contract. See *In re Rooster, Inc.*, 100 B.R. at 233, and cases cited therein. Thus, the duty of Tom Mix to accompany a circus tour is not subject to assignment (*Western Show Co. v. Mix*, 308 Pa. 215, 162 A. 667 (1932)) but a contract to clean streets is (*Devlin v. Mayor*, 63 N.Y. 8, 1875 WL 10843 (1875)). In California, as in most other states, the test is whether the contract involves a personal relation of confidence between the parties or relies on the character and personal ability of a party. *Coykendall v. Jackson* (1936) 17 Cal.App.2d 729, 731, 62 P.2d 746.

The court has found only one reported case specifically dealing with the assignability of a physician's contract with an HMO. In *Cinicola v. Scharffenberger*, 248 F.3d 110 (3rd Cir.2001), the bankruptcy court held that such a contract was assumable and the district court affirmed the decision on the merits. The court of appeals vacated and remanded on appellate procedural grounds, declining to rule on the question of assumability. 248 F.3d at 128. Still, the lower court decisions enforce this court's feeling that the contracts in question are not personal service contracts.

■ While a contract for a physician's services might have been considered ipso facto a personal service contract 50 or 100 years ago, everything about these contracts and the nature of modern medical care militates against a finding that the contracts in question here are personal service contracts. Absolutely nothing, including the cookie-cutter nature of the motions themselves—identical, including the supporting declarations—supports a finding that the contracts or the services to be rendered under them are sui generis. All of the physician contracts are essentially identical, and do not require the physicians

to perform personally. They only require that the physician provide services to members, and require physicians to make "arrangements to assure care of his/her Member patients after hours or when Physician is otherwise absent, consistent with Health Plan's administrative requirements." The court concludes with little difficulty that the contracts in question, like the contracts in Cinicola, are assumable.

For the foregoing reasons, the court finds that the physician contracts are assumable and do not fall within the exception to assumability of § 365(c)(1) of the Bankruptcy Code. All of the motions for relief from stay will be denied, without prejudice to renewal based on individual circumstances and without prejudice to renewal for any reason if HPR fails to obtain confirmation of a Chapter 11 plan within 180 days. Counsel for HPR shall submit an appropriate form of order.