[Civ. No. 7511. Second Appellate District, Division One.—January 20, 1933.]

## A. HAMBURGER & SONS, INCORPORATED, Appellant, v. HUGH KICE et al., Respondents.

Mitchell, Silberberg & Davis and Peery Price for Appellant.

McGee & Robnett and P. H. Burke for Respondents.

YORK, J.—The judgments herein appealed from were entered after demurrers to the amended complaint of plaintiff and appellant had been sustained. The amended complaint was in two counts, the first being an action upon stockholders' liability growing out of a promissory note. No question is raised by appellant as to the propriety of the

order sustaining demurrers to the first count of the complaint. After leave of the court had been had and obtained, appellant filed this amended complaint, which amended complaint for the first time set up a second count in addition to a reiteration of the first count contained in the original complaint, said second count seeking declaratory relief under section 1060 of the Code of Civil Procedure. The demurrers were sustained by the court solely on the ground of lack of jurisdiction; therefore, the sole question presented upon this appeal, as stated by appellant, is whether or not the court had jurisdiction over plaintiff's second cause of action. ██ An examination of the amended complaint discloses that, if the facts stated were true, plaintiff had a good cause of action against the defendants, if brought in the municipal court, and that the superior court had no jurisdiction over the first cause of action. This being so, the plaintiff had no right by way of its amended complaint to request the court to take cognizance of the matter under section 1060 of the Code of Civil Procedure, as it had a plain, speedy and adequate remedy at law to enforce its rights, if any, as set forth in the first cause of action of said amended complaint by a suit in the proper forum.

The judgments appealed from are affirmed.

CONREY, P. J., Concurring.—I concur in the judgment. ██ The respondents, as to whom the action was dismissed, were three defendants whose individual stockholder's liability, as to each respondent, was less than two thousand dollars. These causes of action, therefore, were not within the jurisdiction of the superior court. These facts are shown by appellant's complaint.

██ The alleged controversy, stated in the second count of the complaint, related only to an item of evidence not relevant to the fact of respondents' liability as stockholders. It was a controversy touching solely upon the amount for which they were liable. That issue could be determined in an action to recover judgment in the court having jurisdiction of such action against respondents, just as well as in the superior court.

██ And if it be contended that the dismissal for want of jurisdiction was erroneous because the court did have

jurisdiction for the purposes of a declaratory judgment, I think that (without answering that question) there is, at all events, one sufficient answer to that contention. The order sustaining the demurrer of respondents "as to jurisdiction", rested primarily upon the fact that plaintiff had not stated, against respondents, a claim amounting to a sum within the jurisdiction of the court. Having so determined, the court had at least a discretionary authority to decline to exercise against respondents the power given by statute concerning declaratory judgments. This discretion is vested in the court by the direct terms of the statute. (Code Civ. Proc., sec. 1061.)

Houser, J., concurred.