[Civ. No. 8996. First Appellate District, Division Two.—May 26, 1933.]

WELFARE INVESTMENT COMPANY (a Corporation), Respondent, v. N. W. STOWELL, Appellant.

Davis & Thorne for Appellant.

Meserve, Mumper, Hughes & Robertson for Respondent.

NOURSE, P. J.—The plaintiff, as assignee of the payee, sued one of four comakers of a joint and several promissory note. The defendant answered, setting up special defenses of payment through allegations that the purported assignment to the plaintiff herein was made at the instance and request of one of the comakers of said promissory note; that the plaintiff herein is in fact the *alter ego* of said comaker; that the obligation of the defendant to the payee upon said promissory note was in fact satisfied and discharged by the plaintiff herein; and that the purported assignment thereof to this plaintiff was made for the purpose of enforcing said obligation against this defendant alone and for releasing therefrom the other comakers of said note. At the time of filing the answer the defendant also filed a cross-complaint bringing in as additional parties the three other comakers of the note and the payee named therein. Summons was issued and served upon these parties pursuant to an order of court duly made for that purpose. This cross-complaint pleaded in somewhat briefer detail the same issue raised in the answer and alleged that a controversy existed as to the legal rights and duties of the cross-complainant and of the several cross-defendants. Before any of the cross-defendants had appeared, the plaintiff in the main action moved to strike the cross-complaint from the files on the grounds that it did not state facts entitling the defendant to declaratory relief because the facts alleged therein were the same facts alleged in the separate defenses pleaded in defendant's

answer to the complaint. The motion to strike was granted and the appeal was taken upon a typewritten transcript.

█ Assuming that the order striking the cross-complaint from the files is an appealable order within the rule of *Howe* v. *Key System Transit Co.*, 198 Cal. 525 [246 Pac. 39], as argued by the appellant, this appeal cannot avail him because he has suffered no prejudice. The issue attempted to be raised in the cross-complaint is precisely the same as that pleaded in the special defenses found in the answer. It is appellant's theory that when one of several comakers of a promissory note, either in his own name or through a dummy in his behalf, satisfies the primary obligation and takes an assignment of the note from the payee thereof the primary obligation is thereby discharged and is no longer a living obligation on the part of the makers thereof. It is then said that when this is done the assignee of the payee cannot sue his comakers on the primary obligation but is reduced to an action for either reimbursement or contribution. The theory advanced in the pleadings is supported by numerous authorities which are cited in *Harris* v. *King*, 113 Cal. App. 357, 362–364 [298 Pac. 100]. Hence, if the facts alleged in the cross-complaint can be proved by competent evidence in support of the prayer for affirmative relief, they can with equal facility be proved in support of the special defenses pleaded in the answer. If the cross-complaint is a good pleading for declaratory relief the extent of the relief which the court could grant upon it would be a declaration that by reason of the assignment under the circumstances alleged the primary obligation was discharged and was therefore unenforceable in the hands of the assignee. The real controversy therefore exists between the plaintiff and the defendant. There are no facts alleged in the cross-complaint which support the contention that a controversy exists between the appellant and the other parties whom he seeks to bring into the litigation. The payee having assigned all interest in the note is no longer a party to it and has no controversy with the appellant as to his obligations under it. The other comakers of the note are in the same situation as the appellant. They can have no controversy with the appellant as to their obligations under the note because their rights and obligations under it are equal to his in every degree.

278

The purpose of section 1060 et seq. of the Code of Civil Procedure, providing for actions for declaratory relief, is to provide a ready and speedy remedy in cases of actual controversy relating to the legal rights and duties of the respective parties. By section 1061 the court is permitted to refuse to exercise the power in any case where its declaration or determination is not necessary under the circumstances. This is such a case. All the issues raised in the cross-complaint can be readily determined in the trial of the special defenses raised in the answer and, because this affirmatively appears upon the face of the pleading, the trial court properly refused to exercise the power granted by these sections of the code.

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.