[Civ. No. 5651.   Third Appellate District.—November 30, 1936.]

J. M. COYKENDALL, Appellant, v. L. G. JACKSON et al., Respondents.

Minor Blythe for Appellant.

John L. Fleming for Respondents.

PLUMMER, J.—Appellant began this action seeking a declaratory judgment under the provisions of section 1060 of the Code of Civil Procedure. The defendants interposed a demurrer to the plaintiff's complaint, which was sustained by the court without leave to amend. The appellant thereafter made a motion to vacate the order of the court denying the privilege to amend his complaint, which motion was denied. Judgment was thereafter entered in favor of the defendants. From this judgment the plaintiff appeals.

While ordinarily the court will permit an amendment to a complaint, this action is largely within the discretion of the court, and the filing of an amended complaint is not a matter of absolute right. (*Billesbach* v. *Larkey*, 161 Cal. 649 [120 Pac. 31]; *Davidson Inv. Co.* v. *Dabney*, 103 Cal. App. 392 [284 Pac. 673].)

That the court did not abuse its discretion satisfactorily appears from the following *résumé* of the complaint and the cause of action attempted to be alleged. The complaint alleges that certain of the defendants, on or about the 31st day of August, 1934, being a copartnership, entered into a contract in writing with the defendant, Chester G. Mills. This contract is set forth in Exhibit "A", attached to the complaint and made a part thereof. This contract, so far as material here, is in the following words and figures:

"This agreement made and entered into this 31st day of August, 1934, by and between Power Seal Co., a copartnership, consisting of Lyle G. Jackson and N. E. Woolman, first party, and Chester G. Mills, second party,

"Witnesseth:

"That, Whereas, first party is the inventor and manufacturer of certain merchandise and material known as 'Power Seal' for use in internal combustion engines; and

"Whereas, second party is desirous of undertaking the sale, advertising and exploitation of said product;

"Now, Therefore, in consideration of, and subject to the terms, conditions and agreements herein contained, it is mutually understood and agreed as follows:

"(1) That subject to the performance of the conditions and covenants herein contained to be performed by said second party, the said first party does hereby give and grant to said second party the exclusive right to purchase, merchandise, distribute and resell the entire output and production of the factory of said first party, etc.

"(3) Second party agrees to devote his entire time and attention, and use his best efforts and endeavors in the sale and distribution of said product, and to nationally advertise same by means of newspapers, magazines and radio, and to purchase from or sell for said first party at least the following quantities thereof, etc."

The foregoing excerpts from the agreement establish the contract as being one for personal services, and the cases are unanimous that an executory contract for personal services involving a personal relation of confidence between the parties, or involving liabilities or duties, which in express terms impute or indicate reliance on the character and personal ability of the parties, cannot be assigned, nor can such a contract be specifically enforced. (Subd. 1 of sec. 3390 of the Civil Code; *Fitch* v. *Brockman,* 3 Cal. 348; *Montgomery* v. *De Picot,* 153 Cal. 509 [96 Pac. 305, 126 Am. St. Rep. 84]; *Sumner* v. *Nevin,* 4 Cal. App. 347 [87 Pac. 1105]; *Walton* v. *Davis,* 22 Cal. App. 456 [134 Pac. 795].)

One or two technical points are advanced by the appellant, but the foregoing disposes of the appellant's cause of action.

There being absolutely no merit in the appeal, the judgment of the trial court is affirmed.

Pullen, P. J., and Thompson, J., concurred.