[L. A. No. 19083. In Bank. July 30, 1945.]

COLUMBIA PICTURES CORPORATION (a Corporation), Appellant, v. ANDRE DeTOTH, Respondent.

754

Mitchell, Silberberg & Knupp and Samuel V. Cornell for Appellant.

Bautzer, Ryan, Ford & Silbert, Robert E. Ford and Bernard M. Silbert for Respondent.

SHENK, J.—Plaintiff appeals from a judgment of dismissal entered upon sustaining defendant's general and special demurrer to the complaint without leave to amend.

In substance the pleading discloses the following: Plaintiff is seeking a declaration of the rights and duties of the parties under an unwritten contract of employment. On June 6, 1943, plaintiff orally engaged the services of defendant as a motion picture director for a term of one year "immediately next ensuing," at a salary of $250 a week for each week of service actually rendered, with the privilege of a maximum twelve week lay-off during the contract term. Plaintiff was granted the option of renewing or extending the contract for additional terms of one year each for six successive years at rates of compensation gradually increasing from $350 a week for the second year to $1,500 a week for the sixth year. Each exercise of the option for a succeeding year was to be made prior to expiration of the current year.

On June 7th, the day after the oral contract was made, defendant represented to plaintiff that because of certain business commitments he desired to defer the commencement of his services under the contract to a date subsequent to July 19, 1943. He declared that if plaintiff would consent to this modification of the agreement and would give him work on a temporary basis during the period of deferment, he would at any time after July 20th, and after the completion of the temporary employment, enter into a written contract with plaintiff evidencing the extension of time for commencement of his services under the oral contract.

In reliance upon these statements plaintiff consented to the extension of time and employed defendant to direct the photoplay "Nine Girls." But by mutual consent this arrangement was replaced on July 26th by a temporary agreement under which plaintiff employed defendant at a compensation of $350 a week to direct the photoplay "None Shall Escape." The stated rate of compensation for a single picture contract, $100 a week in excess of that provided by the oral agreement, was paid by plaintiff solely in reliance upon defendant's representations that his services would be available to plaintiff for a considerable time thereafter pursuant to the oral agreement of June 6th, as modified and extended on June 7th.

The photoplay "None Shall Escape" was one of unusual merit, the direction of which would ordinarily have been assigned to directors then under term contracts with plaintiff. But plaintiff, in reliance upon defendant's representations, assigned him to direct it, and in connection with the production and filming gave him every possible assistance in the

way of exceptional talent and necessary facilities in order to increase and enhance his professional reputation and standing. Such reputation and standing and the value of defendant's services as director were in fact greatly increased through these efforts of plaintiff.

Between July 26th and October 25th, 1943, defendant discharged all of his duties in connection with production of "None Shall Escape." Plaintiff then requested that the oral agreement be reduced to writing. From time to time defendant deferred and postponed the execution of any agreement. Nevertheless he continued to abide by and perform the terms of his engagement, and rendered services for persons to whom plaintiff loaned his services pursuant to the provisions of the contract. About December 24, 1943, defendant refused and has ever since refused to perform any services for plaintiff or to reduce the agreement to writing and sign it.

An actual controversy between the parties is asserted. Arbitration of the dispute by the Screen Directors Guild was sought but its Conciliation Committee could not reach the required unanimous decision and made no findings. Defendant declares that he is no longer bound by the contract; that plaintiff is not entitled to his services; and that the agreement is void and unenforceable by reason of the statute of frauds (Code Civ. Proc., § 1973, subd. 1; Civ. Code, § 1624, subd. 1). Plaintiff asserts that the agreement as made on June 6th and modified on June 7th is valid and enforceable, and that defendant by his conduct is estopped to rely upon the statute of frauds.

The complaint was filed March 2, 1944. The prayer is for a decree fixing the rights and duties of the parties under the contract and renewal options as modified and extended, declaring it to be a valid and subsisting obligation, and granting such further relief as may be just and proper.

The order sustaining the general and special demurrer to the complaint without leave to amend does not indicate upon what ground the trial court based its ruling. From the allegations as a whole it is apparent that plaintiff sets forth facts which entitle it to seek relief. Although there is some uncertainty in the allegations, the pleading on its face does not reveal any defect impossible of cure by amendment nor does it show conclusively that the cause is barred by the statute of frauds.

An oral contract of employment for a period of one

year "immediately next ensuing," with rendition of service to commence on the day after the agreement is entered into, is not within the statute of frauds. ▉ In applying that provision of the statute (Civ. Code, §1624, subd. 1), requiring an agreement to be in writing which by its terms is not to be performed "within a year from the making thereof," the words "from the making thereof" are now uniformly construed to exclude the day upon which the agreement is made; that is, the year is considered to begin with the following day and to end at the close of the anniversary of the day on which the agreement is made (*Nickerson* v. *Harvard College*, 298 Mass. 484 [11 N.E.2d 444; 114 A.L.R. note, p. 416] ; 49 Am. Jur. § 24, p. 385, § 54, p. 411; Rest., Contracts (vol. 1) § 198, comment d). ▉ A contingency which may extend the period of employment for more than one year, such as that created by the option provisions here alleged, does not bring a contract within the operation of the statute (*Swift* v. *Swift*, 46 Cal. 266; *Hollywood M. P. Equipment Co.* v. *Furer*, 16 Cal.2d 184 [105 P.2d 299], 12 Cal.Jur. § 5, p. 858; 49 Am. Jur. § 25, p. 387; 111 A.L.R., note p. 1105).

▉ If a modification of the oral agreement here alleged, by postponement of the commencement date and temporary employment of defendant in the interim, was in fact induced by defendant's fraudulent representations to plaintiff concerning his other business commitments and by his promise to reduce the terms of the agreement as modified to writing, and to abide by it, the circumstances may establish an equitable estoppel. The situation alleged is not one of a mere understanding between the parties that the terms of their agreement will be reduced to writing, for in such case, as defendant contends, it is well established that until the writing is actually executed, no complete and binding contract comes into existence (*Spinney* v. *Downing*, 108 Cal. 666 [41 P. 797], *Burr* v. *Pacific Indemnity Co.*, 56 Cal.App.2d 352 [133 P.2d 24], 6 Cal.Jur. § 33, p. 58). Rather does plaintiff attempt to assert that after a valid oral contract came into existence, plaintiff was induced to consent to its modification by defendant's fraudulent promise of a writing, coupled with his other representations, temporary employment, and part performance; that in reliance upon these fraudulent promises, plaintiff changed its position to its detriment in that it relinquished the valid contract for the less favorable modification and also gave defendant the temporary employment he

requested at a higher rate of compensation than he would otherwise have received. The facts set forth indicate that plaintiff may be able to properly and sufficiently plead an estoppel on the part of defendant to rely upon the statute of frauds. (*Halsey* v. *Robinson,* 19 Cal.2d 476 [122 P.2d 11], *Vierra* v. *Pereira,* 12 Cal.2d 629 [86 P.2d 816], *Wilson* v. *Bailey,* 8 Cal.2d 416 [65 P.2d 770], *Seymour* v. *Oelrichs,* 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154]; 12 Cal.Jur. §§ 102-106, p. 933 et seq.; 37 C.J.S. 752.)

The plea for declaratory relief is not improper. A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a contract and requests that these rights and duties be adjudged by the court. (*Maguire* v. *Hibernia S. & L. Soc.,* 23 Cal.2d 719, and cases cited p. 728 [146 P.2d 673, 151 A.L.R. 1062].) The allegations here leave no doubt of the asserted existence of an actual controversy between the parties. At the time the complaint was filed, the period of the original oral contract still had about three months to run, and the parties attempted to secure an immediate arbitration of their dispute; failing in this, the present action was filed.

It is not essential, to entitle a plaintiff to seek declaratory relief, that he should establish his right to a favorable declaration. The purpose of the declaratory judgment is to "serve some practical end in quieting or stabilizing an uncertain or disputed jural relation." (*Maguire* v. *Hibernia S. & L. Soc., supra,* and cases cited pp. 728-731]; Anderson, Declaratory Judgments, p. 275; 8 So.Cal.L.Rev. 57.)

The court is empowered to determine disputed questions of fact and hence the remedy is not limited to cases involving a written instrument (*Hess* v. *Country Club Park,* 213 Cal. 613 [2 P.2d 782]; *R. G. Hamilton Corp.* v. *Corum,* 218 Cal. 92, 95 [21 P.2d 413]; *Aetna Life Ins. Co.* v. *Haworth,* 300 U.S. 227, 242 [57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000]; *Zimmer* v. *Gorelnik,* 42 Cal.App.2d 440 [109 P.2d 34]). A disputed oral contract may properly be the subject of a declaratory judgment (*Corporation of America* v. *Durham etc. Co.,* 50 Cal.App.2d 337, 342-343 [123 P.2d 81]; *Herrlein* v. *Tocchini,* 128 Cal.App. 612 [18 P.2d 73]; *Zimmer* v. *Gorelnik, supra; Wollenberg* v. *Tonningsen,* 8 Cal.App.2d 722 [48 P.2d 738, 742]; 5 Cal.Jur.Supp. § 7, p. 113.) The fact

that the oral contract may be one of employment, involving personal services and hence not specifically enforceable (Civ. Code, §3390; *Poultry Producers of So. Cal.* v. *Barlow,* 189 Cal. 278 [208 P. 93]), does not necessarily render declaratory relief improper or unnecessary. This is merely a factor to be considered by the trial court in determining what declaration would be appropriate. (*Universal Sales Corp.* v. *California etc. Mfg. Co.,* 20 Cal.2d 751, 774 [128 P.2d 665]; *Blakeslee* v. *Wilson,* 190 Cal. 479 [213 P. 495]; *Coykendall* v. *Jackson,* 17 Cal.App.2d 729 [62 P.2d 746].

▮ That a cause of action otherwise may have accrued and that other adequate relief may be available to plaintiff at the time are also factors to be considered by the court. ▮ The remedies provided by the statute are cumulative and declaratory relief may be asked alone or with other relief (Code Civ. Proc., §§ 1060-1062). Hence a plaintiff's right to proceed is not barred by the fact that the contract sued upon may have already been breached and that traditional or statutory (see Civ. Code, § 3423(5); Code Civ. Proc., § 526) alternative remedies are available. In *Maguire* v. *Hibernia S. & L. Soc., supra,* at page 732, this court, in reversing judgments entered on demurrers to complaints sustained without leave to amend, stressed the point that before declaratory relief may be denied on the ground of the existence of other remedies, "it must clearly appear that the asserted alternative remedies are available to the plaintiff and that they are speedy and adequate or as well suited to the plaintiff's needs as declaratory relief. (See *Ermolieff* v. *R. K. O. Radio Pictures,* 19 Cal.2d 543, 549 [122 P.2d 3]; *Henderson* v. *Oroville-Wyandotte Irr. Dist.,* 207 Cal. 215, 216 [277 P. 487]; *Welfare Investment Co.* v. *Stowell,* 132 Cal.App. 275, 278 [22 P.2d 529]; Borchard, Declaratory Judgments, p. 293 et seq.)"

▮ Testing the present pleading by the standards set forth in the cited cases, its allegations do not necessarily show that the remedy of declaratory relief may not have been better suited to plaintiff's needs than the traditional remedies otherwise disclosed. Furthermore, as stated in *Ermolieff* v. *R. K. O. Radio Pictures, supra,* at page 547, "Ordinarily, the alternative remedy, such as damages, injunctive relief and the like would be more harsh, and if he chooses the milder remedy, declaratory relief, the court is not required for that reason to compel him to seek a more stringent one." See, also, *Wollenberg* v. *Tonningsen, supra,* and *Tolle* v. *Struve,* 124

Cal.App. 263 [12 P.2d 61], where declaratory judgments were affirmed despite assertions of other available remedies; and *Phelps* v. *Loop*, 53 Cal.App.2d 541 [128 P.2d 63], where judgment of nonsuit was reversed and the cause remanded for trial on the issues joined by the pleadings.

Although under the declaratory relief statute (Code Civ. Proc., §§ 1060-1062a), wide powers have been conferred upon the trial court, its discretion is not unlimited. It is a legal or judicial discretion, hardened by experience into rule, and its exercise is subject to appellate review (Borchard, Declaratory Judgments, p. 299). As said by a text-writer (Anderson, Declaratory Judgments, p. 525, § 172), "It would seem to be a self-evident principle that this discretion is not an arbitrary one, and is not one that may be granted as a special favor, or one that may be exercised personally by the court; but is a sound judicial discretion and one that is controlled in a great measure by legal principles; and in consonance with the rule that the discretion exercised in these cases by the courts is a judicial or legal one, and must be bottomed upon good reason, it may be generally stated that such discretion is subject to review at the hands of appellate tribunals." Where, therefore, a case is properly before the trial court, under a complaint which is legally sufficient and sets forth facts and circumstances showing that a declaratory adjudication is entirely appropriate, the trial court may not properly refuse to assume jurisdiction; and if it does enter a dismissal, it will be directed by an appellate tribunal to entertain the action. Declaratory relief must be granted when the facts justifying that course are sufficiently alleged.

In view of the conclusion that the complaint is not vulnerable to general demurrer, it is unnecessary to pass upon the grounds of special demurrer. When a complaint is good as against a general demurrer, it is erroneous for the trial court to sustain the demurrer without leave to amend because of defects in the form of pleading. This is not to hold that the complaint is not subject to special demurrer. Upon the remanding of the cause the trial court may in its discretion require the clarification of uncertainties or ambiguities in the pleading. (*Maguire* v. *Hibernia S. & L. Soc., supra*, at p. 737; *Wennerholm* v. *Stanford Univ. Sch. of Med.*, 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358]; *Olivera* v. *Grace*, 19 Cal.2d 570 [122 P.2d 564, 140 A.L.R. 1328]; *Guilliams* v. *Hollywood Hospital*, 18 Cal.2d 97 [114 P.2d 1].)

The judgment is reversed.

Gibson, C. J., Carter, J., Traynor, J., and Schauer, J., concurred.

SPENCE, J.—I dissent. The question presented here is not whether the trial court would have been justified, under the facts alleged, in overruling the demurrer and in granting declaratory relief, but whether the trial court was compelled, under the facts alleged, to overrule the demurrer and to grant such relief.

Section 1061 of the Code of Civil Procedure provides: "The court may refuse to exercise the power granted by this chapter in any case where its declaration .or determination is not necessary or proper at the time under all the circumstances." The majority opinion fails to give effect to the provisions of this section and fails to consider numerous authorities dealing with the discretionary power thereby vested in the trial court, such as *City of Alturas* v. *Gloster,* 16 Cal.2d 46 [104 P. 2d 810]; *Rapaport* v. *Forer,* 20 Cal.App.2d 271 [66 P.2d 1242]; *Sunset Scavenger Corporation* v. *Oddou,* 11 Cal.App. 2d 92 [53 P.2d 188]; *Welfare Inv. Co.* v. *Stowell,* 132 Cal. App. 275 [22 P.2d 529]; *Hamburger & Sons* v. *Kice,* 129 Cal. App. 68 [18 P.2d 115]; and *Stenzel* v. *Kronick,* 102 Cal.App. 507 [283 P. 93].

In my opinion, the trial court was not compelled to overrule the demurrer and grant declaratory relief under the allegations of the complaint before it. It affirmatively appeared from said allegations that plaintiff's cause of action, if any, had fully accrued by reasons of defendant's alleged breach of the contract. Assuming the validity of the alleged contract, plaintiff had the alternative remedies of an action for damages or of an action for injunctive relief. (Civ. Code, § 3423(5); Code Civ. Proc., § 526.) These alternative remedies were clearly available; were both speedy and adequate; and were equally, if not better, suited to plaintiff's needs than the remedy by way of mere declaratory relief. The question of the validity of the alleged contract could have been determined in any action brought in pursuit of any of the traditional remedies, and the trial court was therefore justified in determining that a preliminary action for mere declaratory relief was wholly unnecessary. To entertain an action for mere declaratory relief under the circumstances would encourage a multiplicity of actions where but one action would suffice.

The case of *Maguire* v. *Hibernia Savings and Loan Society,* 23 Cal.2d 719, cited in the majority opinion, recognized the existence of discretionary power in the trial court but on page 732 the court said: "Defendants do not point out, nor are we able to ascertain, upon what theory the suggested alternative remedies would be available to plaintiffs, or, if available, that they would be speedy or adequate or serve as well as or better than the remedy invoked." Such is not the situation here.

In my opinion, the trial court properly exercised the discretionary power vested in it and the judgment should therefore be affirmed.

Edmonds, J., concurred.