Filed 2/26/25  Rosen v. City of Hawthorne CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| BARRY ROSEN, | B337895 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 23STLC01829) |
| v. | |
| CITY OF HAWTHORNE, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Armen Tamzarian, Judge.  Affirmed.

Gustavo Lamanna for Plaintiff and Appellant.

Richards, Watson & Gershon, T. Peter Pierce and Carlee I. Roberts for Defendant and Respondent.

———————————————

Barry Rosen appeals from the trial court's order partially granting the City of Hawthorne's (City) special motion to strike under Code of Civil Procedure section 425.16[1] and awarding the City $5,500 in attorneys' fees as the prevailing defendant on the motion.  Rosen's complaint alleged a single cause of action for declaratory relief, seeking a declaration that the red light traffic citation issued to Rosen for running a red light at an intersection monitored by the City's automated traffic enforcement system (ATES) was invalid and a declaration the ATES violated the Vehicle Code.  The court struck the portions of Rosen's complaint that related to the traffic citation issued to Rosen but declined to strike the allegations relating to the City's operation of the ATES.

On appeal Rosen contends the public interest exception under section 425.17, subdivision (b) (section 425.17(b)) applies, exempting his action from the scope of section 425.16.  He also argues the trial court erred in granting the City's special motion to strike because the City's operation of the ATES in violation of the Vehicle Code was illegal as a matter of law and the City's issuance of the citation was not protected activity.  Further, Rosen asserts he met his burden to show probability of success on the merits.  Finally, Rosen challenges the court's award of attorneys' fees to the City and argues he should have been granted attorneys' fees as the prevailing party.  We affirm.

---

[1]     Further undesignated statutory references are to the Code of Civil Procedure.  Section 425.16 is commonly referred to as the anti-SLAPP statute.

# FACTUAL AND PROCEDURAL BACKGROUND

A.	*The City's Automated Traffic Enforcement System*

In 2009 the City entered into a contract with Redflex Traffic Systems, Inc. (Redflex) to install cameras that take photographs and video footage of drivers who run red lights at various street intersections within the City, including at the intersection of Rosecrans and Hindry Avenues (the intersection).[2] Redflex checks the ATES on a daily basis and immediately notifies the City's Police Department Traffic Bureau if there is a defect or malfunction in the system. The ATES cameras take a series of still pictures and 12 seconds of video footage for each potential red light traffic violation.[3]

To determine whether a red light traffic violation has occurred, a traffic bureau staff member reviews the video of the traffic violation and the still photos, which show the position of the vehicle before and immediately after the violation. The staff member then obtains information about the registered owner from the Department of Motor Vehicles based on the photograph of the vehicle's license plate; locates the registered owner's

---

[2]	The facts concerning the City's ATES and the citation issued to Rosen are set forth in the declaration of City of Hawthorne Police Officer Anthony Barlin and the citation, which includes a declaration from parking enforcement officer Alan Valle.

[3]	Vehicle Code section 21453, subdivision (a), provides, with limited exceptions, that "[a] driver facing a steady circular red signal alone shall stop at a marked limit line, but if none, before entering the crosswalk on the near side of the intersection or, if none, then before entering the intersection . . . ." We refer to a violation of this provision as a red light traffic violation.

3

driver's license photograph through the "Cal-ID" photo system; and compares that photograph with the still photograph from the ATES camera.  A traffic citation is only approved if the two photographs match.  Before the City files a traffic citation with the court, the traffic bureau obtains confirmation from Redflex that the camera system was working properly at the time of the violation.  The driver who was issued the citation is offered an opportunity before the court date to view the photographs and video of the red light traffic violation.  In addition, a Redflex staff member and the sworn peace officer who will testify at the traffic court trial review the evidence of the violation and documentation from Redflex to ensure the citation for a redlight traffic violation is valid.

B.    *Rosen's Traffic Citation*

According to the photographs and data collected from the ATES, on September 4, 2022 at 2:29 p.m. Rosen turned left at the intersection while the traffic light was red.  The data printed on the pre-violation photograph show that Rosen was driving 16 miles per hour when he approached the traffic light, and the light had been red for 0.21 seconds when Rosen's vehicle entered the intersection.  The data on the post-violation photograph, which was taken 1.38 seconds later, show that Rosen was still in the intersection 1.60 seconds after the traffic light had turned red, and the signal was still in the red phase.  City of Hawthorne Police Officer Anthony Barlin opined in his declaration that the video from the incident shows that Rosen had sufficient time to stop his vehicle before reaching the limit line.

Parking enforcement officer Alan Valle reviewed the photographs, and on September 10, 2022 he approved issuance of

4

the notice of traffic violation to Rosen (Rosen citation). The Rosen citation directed Rosen to appear at the Inglewood Courthouse on January 9, 2023 if he wanted to contest the citation. The citation stated that Rosen could request a court trial by sending a certified or registered letter postmarked at least five days prior to the appearance date or appearing at the court on the appearance date. On September 10 a Redflex employee sent the Rosen citation to Rosen by mail.

C.    *Rosen's Complaint*

On March 20, 2023 Rosen filed a verified complaint for declaratory relief against the City. The complaint alleged Rosen received the Rosen citation by mail from Redflex shortly after September 10, 2022, and he made a request to the City under the California Public Records Act (CPRA; Gov. Code, § 7920.000 et seq.)[4] on January 4, 2023 seeking public documents showing compliance with Vehicle Code sections 21455.5 and 21455.7 and the California Manual on Uniform Traffic Control Devices (Manual). The complaint alleged the City's records disclosed the City's ATES failed to comply with the Vehicle Code because (1) the yellow light at the intersection was too brief (it did not last 4.4 seconds); (2) the City did not comply with the Vehicle Code requirement that when a city commences using an ATES, it must first provide warning notices of red-light violations at the intersection for 30 days before issuing citations; (3) the City

---

[4]    With some exceptions, the CPRA requires public agencies to disclose upon request "'public records'" including "any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state or local agency." (Gov. Code, § 7920.530, subd. (a).)

5

failed to control or supervise the ATES or Redflex; and (4) the City's contract with Redflex violated the cost-neutrality provision of Vehicle Code section 21455.5, subdivision (h), by generating revenue from the traffic violations.

The complaint sought a judicial declaration that the Rosen citation and the ATES at the intersection "are unauthorized and unlawful for numerous failures to comply with statutory obligations under [Vehicle Code] Section 21455.5, and especially under [Vehicle Code] Section 21455.7 as the yellow change interval time is up to 1.4 seconds lower than the 4.4 second period Legislatively required, and invalid for want of the 30-day warning notice period and the City has failed to control and supervise the ATES at the [intersection] and seeks to generate revenue." The complaint added, "Following the issuance of the judgment in declaratory relief, the Court is also asked to relieve Rosen from all obligations under the [Rosen citation] and purported citation for running a redlight captured and render the ATES at the [intersection] as unauthorized and unlawful." Rosen in his prayer for relief requested a determination of the rights and duties of Rosen and the City concerning the Rosen citation, that the Rosen citation is invalid, that Rosen owes nothing to the City, and that the City cannot prosecute the Rosen citation. Rosen also sought to recover his costs and attorneys' fees pursuant to Civil Code section 1021.5.

D.    *The City's Special Motion To Strike*

On May 18, 2023 the City filed its special motion to strike under section 425.16, supported by the Barlin declaration, the Rosen citation, and other declarations and documents. The City argued the complaint arose solely from the City's conduct in

6

furtherance of its right of petition or free speech; Rosen was required to raise his defenses to the Rosen citation in traffic court; and Rosen could not establish a probability of prevailing on the merits. The City requested $5,500 in attorneys' fees incurred in responding to the complaint and drafting the motion, as well as anticipated costs to prepare a reply brief and appear at the hearing.

In opposition, Rosen argued that pursuant to the public interest exception in section 425.17(b), the City could not bring a special motion to strike his complaint because he brought the lawsuit on behalf of the general public. Further, the City failed to make a prima facie showing that his declaratory relief claim arose from an act of the City in furtherance of its right of petition or free speech, and he would likely prevail on the merits based on the City's failure to comply with the Vehicle Code. In support of his opposition, Rosen submitted a declaration from David Dusenbury, a retired Long Beach Police Department deputy chief, who opined Valle could not lawfully issue the Rosen citation because he was not a sworn peace officer; Officer Barlin's statement in his declaration that Rosen had sufficient time to stop his vehicle before entering the intersection was unsupported by evidence; and the City shortened the yellow light duration at the intersection in contravention of the Manual's mandatory minimum yellow light interval.

E.    *The Trial Court's Ruling*

After a hearing, on February 1, 2024 the trial court partially granted the City's special motion to strike. The court found Rosen did not meet his burden to show the public interest exemption under section 425.17(b) applied because his lawsuit

7

was not brought solely on behalf of the general public. Further, Rosen's allegations with respect to issuance of the Rosen citation arose from protected activity, but the allegations relating to the City's purported failure to comply with the Vehicle Code in connection with its ATES did not. The court also found Rosen did "not meet his burden of showing minimal merit to his claims for relief arising from the City's protected activity of issuing him a traffic citation." The court explained the Rosen citation was issued in 2022 and was not a proper subject for declaratory relief because a cause of action for declaratory relief provides only prospective relief. Further, the court could not "issue a judicial declaration effectively stating plaintiff is innocent in a separate quasi-criminal proceeding" because the Rosen citation was pending before the traffic court. Rosen also failed to "provide evidence of any unlawful conduct by the City that would invalidate his traffic citation."

The trial court struck the portions of the complaint that related to the Rosen citation and denied the motion as to the remaining allegations challenging the ATES system. The court allowed Rosen leave to amend to add allegations not related to the Rosen citation. The trial court awarded the City $5,500 in attorneys' fees as the prevailing defendant on its special motion to strike. (§ 425.16, subd. (c)(1).) The court acknowledged the City succeeded in striking only limited portions of Rosen's complaint. However, the court reasoned, "All of defendant's arguments and evidence apply broadly to plaintiff's entire action. Defendant would have reasonably incurred the same amount in attorney fees to file an anti-SLAPP motion limited to targeting the allegations the court now strikes."

Rosen timely appealed.

8

## DISCUSSION

A. *The Public Interest Exception Under Section 425.17(b) Does Not Apply*

Section 425.17(b) creates an exception to the anti-SLAPP statute for actions taken in the public interest. "Whether a lawsuit falls within the public interest exemption of section 425.17(b) is '"a threshold issue, and we address it prior to examining the applicability of section 425.16."'" (*Exline v. Gillmore* (2021) 67 Cal.App.5th 129, 138; accord, *Sandlin v. McLaughlin* (2020) 50 Cal.App.5th 805, 822.) Section 425.17(b) provides, "Section 425.16 does not apply to any action brought solely in the public interest or on behalf of the general public if all of the following conditions exist:  [¶]  (1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class of which the plaintiff is a member. A claim for attorney's fees, costs, or penalties does not constitute greater or different relief for purposes of this subdivision.  [¶] (2) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons.  [¶]  (3) Private enforcement is necessary and places a disproportionate financial burden on the plaintiff in relation to the plaintiff's stake in the matter."

"[B]ecause section 425.17(b) is a statutory exception to section 425.16, it should be narrowly construed." (*Club Members for an Honest Election v. Sierra Club* (2008) 45 Cal.4th 309, 316; accord, *Exline v. Gillmore, supra*, 67 Cal.App.5th at p. 138.) As the Supreme Court explained in *Club Members*, "Use of the term 'solely' expressly conveys the Legislative intent that

9

section 425.17(b) not apply to an action that seeks a more narrow advantage for a particular plaintiff.  Such an action would not be brought 'solely' in the public's interest.  The statutory language of 425.17(b) is unambiguous *and bars a litigant seeking 'any' personal relief from relying on the section 425.17(b) exception.*" (*Club Members*, at pp. 316-317, italics added; accord, *Sandlin v. McLaughlin, supra*, 50 Cal.App.5th at pp. 822-823.)  "The plaintiff bears the burden of proof as to the applicability of the exemptions" in section 425.17(b).  (*Sandlin*, at p. 818; accord, *Exline*, at p. 138.)

Rosen contends that because his complaint sought to determine the City's compliance with Vehicle Code sections 21455.5 and 21455.7, it was in the public interest, and thus exempted from the anti-SLAPP statute.  But Rosen did not meet his burden to show his complaint was brought "solely" on behalf of the public because the complaint sought a determination of the rights and duties of Rosen and the City concerning the Rosen citation, as well as a determination that the Rosen citation "is invalid, Rosen owes nothing to the City, [and] the City cannot press the citation."  Because Rosen seeks personal relief in his complaint, the public interest exception to section 425.17(b) does not apply.  (See *Club Members for an Honest Election v. Sierra Club, supra*, 45 Cal.4th at p. 317 [section 425.17(b) did not apply because "plaintiffs sought a 'personal advantage' in the Club's elections" by requesting the court install a plaintiff and four other unsuccessful candidates on the board, disseminate plaintiffs' editorial article and election notice, and bar five directors from running in the board election]; *Thayer v. Kabateck Brown Kellner LLP* (2012) 207 Cal.App.4th 141, 156-157 [section 425.17(b) did not apply because plaintiff's

10

request for general and special damages was "relief much greater than the relief sought by the purported class"]; *Ingels v. Westwood One Broadcasting Services, Inc.* (2005) 129 Cal.App.4th 1050, 1066-1067 [section 425.17(b) did not apply because plaintiff sought personal damages on his causes of action for age discrimination and unlawful business practices against radio show host and producer].)

B.    *The Trial Court Did Not Err in Partially Granting the City's Special Motion To Strike*

1.    *Special motions to strike under section 425.16*

A cause of action arising from an act in furtherance of a defendant's constitutional right of petition or free speech in connection with a public issue is subject to a special motion to strike unless the plaintiff demonstrates a probability of prevailing on the claim. (§ 425.16, subd. (b)(1); see *Serova v. Sony Music Entertainment* (2022) 13 Cal.5th 859, 871; *Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009 (*Bonni*); *Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.) An "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue'" includes, among other things, "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law" or "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." (§ 425.16, subd. (e)(1) & (2).)

"Litigation of an anti-SLAPP motion involves a two-step process. First, 'the moving defendant bears the burden of

11

establishing that the challenged allegations or claims "aris[e] from" protected activity in which the defendant has engaged.' [Citation.] Second, for each claim that does arise from protected activity, the plaintiff must show the claim has 'at least "minimal merit."' [Citation.] If the plaintiff cannot make this showing, the court will strike the claim." (*Bonni, supra*, 11 Cal.5th at p. 1009; accord, *Monster Energy v. Schechter, supra*, 7 Cal.5th at p. 788.)

We review de novo whether a challenged claim arises from protected activity under section 425.16, subdivision (e). (*Bonni, supra*, 11 Cal.5th at p. 1009; *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067 (*Park*).) "We exercise independent judgment in determining whether, based on our own review of the record, the challenged claims arise from protected activity. [Citations.] In addition to the pleadings, we may consider affidavits concerning the facts upon which liability is based. [Citations.] We do not, however, weigh the evidence, but accept the plaintiff's submissions as true and consider only whether any contrary evidence from the defendant establishes its entitlement to prevail as a matter of law." (*Park*, at p. 1067.)

> 2. *The City met its burden to show issuance and filing of the Rosen citation was protected activity*

"A claim arises from protected activity when that activity underlies or forms the basis for the claim." (*Park, supra*, 2 Cal.5th at p. 1062; accord, *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78.) "'[T]he mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute.'" (*Park*, at p. 1063; accord, *Cotati*, at pp. 76-77.) "Instead, the focus is on

12

determining what 'the defendant's activity [is] that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning.' [Citation.] . . . [I]n ruling on an anti-SLAPP motion, courts should consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability." (*Park*, at p. 1063, italics omitted; accord, *Bonni, supra*, 11 Cal.5th at p. 1009 ["The defendant's burden is to identify what acts each challenged claim rests on and to show how those acts are protected under a statutorily defined category of protected activity."].)

In analyzing whether a claim arises from protected activity, reviewing courts are "attuned to and have taken care to respect the distinction between activities that form the basis for a claim and those that merely lead to the liability-creating activity or provide evidentiary support for the claim." (*Park, supra*, 2 Cal.5th at p. 1064.) Likewise, "[a]llegations of protected activity that merely provide context, without supporting a claim for recovery, cannot be stricken under the anti-SLAPP statute." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 394.)

Rosen argues his complaint for declaratory relief did not arise from issuance of the Rosen citation "because the underlying controversy is the interpretation and application of Vehicle Code sections 21455.5 and 21455.7 to the City operations." But with respect to the stricken allegations, Rosen seeks a judicial declaration that the Rosen citation is invalid and that Rosen owes nothing to the City. The Rosen citation, as a "written notice to appear . . . issued by a peace officer or by a qualified employee of a law enforcement agency on a form approved by the Judicial Council for an alleged violation of . . . Section 21453 . . . recorded

13

by an automated traffic enforcement system" and mailed to the registered owner of the vehicle, "when filed with the magistrate . . . constitute[s] a complaint to which the defendant may enter a plea." (Veh. Code, § 40518, subd. (a).) Thus, the Rosen citation was a protected writing made before a judicial proceeding and in connection with an issue under review by a judicial body under section 425.16, subdivision (e)(1) and (2). (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 ["'"[t]he constitutional right to petition . . . includes the basic act of filing litigation or otherwise seeking administrative action"'" and "'communications preparatory to or in anticipation of the bringing of an action or other official proceeding'"]; *JSL Limited Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, 1521 ["Filing a lawsuit is an act in furtherance of the constitutional right of petition, regardless of whether it has merit."]; *Contemporary Services Corp. v. Staff Pro Inc.* (2007) 152 Cal.App.4th 1043, 1055 ["Defendants' act of filing the complaint in the underlying action squarely falls within section 425.16 (e)(1)."].)

Rosen also contends section 425.16, subdivision (e), does not apply because the City's asserted protected speech (issuance of the Rosen citation) was "'illegal as a matter of law'" due to the City's failure to comply with the Vehicle Code provisions for operation of the ATES. Rosen is correct that the Supreme Court in *Flatley v. Mauro* (2006) 39 Cal.4th 299, 320 (*Flatley*) held that where "either the defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law, the defendant is precluded from using the anti-SLAPP statute to strike the plaintiff's action." (Accord, *Soukup v. Law Offices of Herbert*

14

*Hafif* (2006) 39 Cal.4th 260, 286-287 ["[O]nce the defendant has made the required threshold showing that the challenged action arises from assertedly protected activity, the plaintiff may counter by demonstrating that the underlying action was illegal as a matter of law because either the defendant concedes the illegality of the assertedly protected activity or the illegality is conclusively established by the evidence presented in connection with the motion to strike."].)

However, as we explained in *Towner v. County of Ventura* (2021) 63 Cal.App.5th 761, 771, "[t]he Courts of Appeal analyzing the Supreme Court's decision in *Flatley* have found the use of the phrase 'illegal' in *Flatley* was intended to mean criminal, not merely a violation of some statute." (See *Dziubla v. Piazza* (2020) 59 Cal.App.5th 140, 151 ["illegal means criminal and not merely a violation of some statute"]; *Collier v. Harris* (2015) 240 Cal.App.4th 41, 57 ["A defendant who violates Business and Professions Code section 17525 is not guilty of a crime and therefore the anti-SLAPP statute would apply even if [defendant]'s conduct violated that statute."]; *Mendoza v. ADP Screening & Selection Services, Inc.* (2010) 182 Cal.App.4th 1644, 1655 [defendant's alleged violations of Penal Code section 290.46, prohibiting certain uses of information disclosed on the Megan's Law sex offender website, did not fall within the *Flatley* exception because the statute did not "define a substantive crime," instead enhancing punishment for future crimes and providing civil remedies for violations].) The *Mendoza* court reasoned, "[A] plaintiff's complaint *always* alleges a defendant engaged in illegal conduct in that it violated some common law standard of conduct or statutory prohibition, giving rise to liability, and we decline to give plaintiffs a tool for avoiding the application of the anti-

15

SLAPP statute merely by showing any statutory violation." (*Mendoza*, at p. 1654.)[5]

The illegal conduct exception under *Flatley* does not apply. (See *Cross v. Cooper* (2011) 197 Cal.App.4th 357, 385 ["[I]f a plaintiff claims that the defendant's conduct is illegal and thus not protected activity, the plaintiff bears the burden of conclusively proving the illegal conduct."].) The complaint alleges the City failed to comply with the requirements of Vehicle Code sections 21455.5 and 21455.7, but the alleged statutory violations are not crimes. Moreover, Rosen cannot establish that the alleged Vehicle Code violations are illegal as a matter of law because the City disputes that its operation of the ATES violated Vehicle Code sections 21455.5 and 21455.7, an issue that remains to be decided in this action.[6]

---

[5]    In *Flatley, supra*, 39 Cal.4th at page 305, the Supreme Court affirmed denial of an attorney defendant's special motion to strike because the attorney's conduct constituted criminal extortion as a matter of law where the plaintiff alleged civil extortion and other claims based on the attorney's threats to publicize a rape allegation against the plaintiff if he did not pay a multimillion dollar settlement.

[6]    Rosen also argues the City's special motion to strike was improperly filed when the case was pending as a limited case, and its subsequent filing of the motion in the unlimited case was untimely. Rosen has forfeited these claims of error by failing to raise them in the trial court. (*Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 489 ["the failure to raise an issue in the trial court typically forfeits on appeal any claim of error based on that issue"]; *San Ramon Valley Fire Protection Dist. v. Contra Cosa County Employees' Retirement Assn.* (2004) 125 Cal.App.4th 343, 351 ["the anti-SLAPP statute's 30-day time limit is an

16

3. *Rosen failed to establish his cause of action for declaratory relief with respect to the Rosen citation has minimal merit*

Once a defendant establishes that the relief sought is based on allegations arising from protected activity, "[t]he burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated. The court, without resolving evidentiary conflicts, must determine whether the plaintiff's showing, if accepted by the trier of fact, would be sufficient to sustain a favorable judgment. If not, the claim is stricken. Allegations of protected activity supporting the stricken claim are eliminated from the complaint, unless they also support a distinct claim on which the plaintiff has shown a probability of prevailing." (*Baral v. Schnitt, supra*, 1 Cal.5th at p. 396; accord, *Timothy W. v. Julie W.* (2022) 85 Cal.App.5th 648, 661.)

Rosen seeks a judicial declaration of the parties' rights and obligations with respect to the Rosen citation. "Declaratory relief is available to a party 'who desires a declaration of his or her rights or duties with respect to another . . . .'" (*Monterey Coastkeeper v. California Regional Water Quality Control Bd.* (2022) 76 Cal.App.5th 1, 13 (*Monterey Coastkeeper*); see § 1060 [a person who desires "a declaration of his or her rights or duties with respect to another" may obtain declaratory relief "in cases of actual controversy relating to the legal rights and duties of the respective parties"].) "A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual

example of a procedural issue that should be held to be waived if not raised at the trial level"].)

controversy relating to the legal rights and duties of the respective parties . . . and requests that these rights and duties be adjudged by the court." (*Columbia Pictures Corp. v. DeToth* (1945) 26 Cal.2d 753, 760; accord, *Monterey Coastkeeper*, at p. 13.)

Although Rosen has an actual controversy with the City over the parties' legal rights and duties with respect to the Rosen citation, "'[d]eclaratory relief operates to declare future rights, not to address past wrongs.'" (*Ricasa v. Office of Administrative Hearings* (2018) 31 Cal.App.5th 262, 280; accord, *Monterey Coastkeeper, supra*, 76 Cal.App.5th at p. 13 ["'Declaratory relief operates prospectively, serving to set controversies at rest before obligations are repudiated, rights are invaded or wrongs are committed. Thus the remedy is to be used to advance preventative justice, to declare rather than execute rights.'"].) Accordingly, Rosen has not met his burden to show his cause of action for declaratory relief with respect to the Rosen citation has minimal merit because he seeks to correct a past wrong—the issuance of the Rosen citation on September 10, 2022.

Moreover, Rosen cannot show a significant possibility of future harm with respect to the Rosen citation. (*Monterey Coastkeeper, supra*, 76 Cal.App.5th at p. 13 ["A party seeking declaratory relief must show a very significant possibility of future harm."]; *Coral Construction, Inc. v. City and County of San Francisco* (2004) 116 Cal.App.4th 6, 17 ["Where a petitioner seeks declaratory or injunctive relief, it is insufficient that he has been injured in the past; 'he must instead show a

18

very significant possibility of future harm in order to have standing.'"].)[7]

C. *The Trial Court Properly Awarded Attorneys' Fees to the City as the Prevailing Party*

Under section 425.16, subdivision (c)(1), a "defendant who brings a successful motion to strike is entitled to mandatory attorney fees." (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131; accord, *Frym v. 601 Main Street LLC* (2022) 82 Cal.App.5th 613, 619 (*Frym*); see § 425.16, subd. (c)(1) ["a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs"].) A governmental entity that prevails on a special motion to strike under section 425.16 is likewise entitled to a mandatory attorney fee award. (*Schroeder v. Irvine City Council* (2002) 97 Cal.App.4th 174, 194 ["section 425.16, subdivision (c) entitles a successful governmental entity defendant to recover attorney fees"]; see *Bradbury v. Superior Court* (1996) 49 Cal.App.4th 1108, 1119 [district attorney defendant was entitled to attorneys' fees on successful motion to strike defamation complaint filed by county sheriff].)

Generally, an award of attorneys' fees pursuant to section 425.16, subdivision (c)(1), is reviewed for an abuse of

---

[7] On appeal the parties dispute whether the City's ATES violated Vehicle Code sections 21455.5 and 21455.7. Because we conclude Rosen's claim for declaratory relief with respect to the Rosen citation lacks minimal merit, we do not reach whether the City complied with the Vehicle Code in operating the ATES. The validity of the City's ATES system remains at issue in the continuing litigation.

19

discretion. (*Ketchum v. Moses, supra*, 24 Cal.4th at p. 1130; *Frym, supra*, 82 Cal.App.5th at p. 619.) "However, the question of 'whether the trial court *selected* the proper legal standards in making its fee determination is reviewed de novo [citation] and, although the trial court has broad authority in determining the amount of reasonable legal fees, the award can be reversed for an abuse of discretion when it employed the wrong legal standard in making its determination.'" (*Frym*, at pp. 619-620; accord, *569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 434.)

"""A 'prevailing defendant' within the meaning of [the statute] includes a defendant whose anti-SLAPP motion was granted as to some causes of action but not others.""" (*Laker v. Board of Trustees of California State University* (2019) 32 Cal.App.5th 745, 779; accord, *Area 51 Productions, Inc. v. City of Alameda* (2018) 20 Cal.App.5th 581, 596, 601, 605 (*Area 51 Productions*) [city defendant "entitled to an award of fees and costs reasonably allocable to achieving that victory" where trial court struck one of six causes of action].) Only if the partial success is insignificant should attorneys' fees not be awarded to the prevailing defendant. (*Area 51 Productions*, at p. 605 [partially prevailing defendant """"must generally be considered a prevailing party unless the results of the motion were so insignificant that the party did not achieve any practical benefit from bringing the motion"""]; *Moran v. Endres* (2006) 135 Cal.App.4th 952, 954-955 [trial court did not err in denying defendants' request for attorneys' fees after striking only one of 11 causes of action under section 425.16 because "[t]he results of the motion were minimal and insignificant"].) Here, the City achieved a significant result and practical benefit from bringing

20

the special motion to strike because the trial court struck all allegations relating to the Rosen citation.

Rosen contends, relying on *Martin v. Inland Empire Utilities Agency* (2011) 198 Cal.App.4th 611, 629, that the trial court's grant of the City's special motion to strike with leave to amend was "the functional equivalent of a denial of the motion," and thus the City was not entitled to its attorneys' fees. But in *Martin*, the trial court granted leave to amend with respect to the single cause of action the court struck in its entirety. (*Id*. at p. 616.) Here, the trial court only granted leave to amend with respect to the portions of the complaint that had not been stricken.

Rosen also argues the trial court erred in awarding attorneys' fees to the City because Rosen successfully procured public records under the CPRA that supported his position that the City, in issuing red light traffic citations, violated the Vehicle Code by not having sworn peace officers review and approve the citations before they are mailed out and delegating the design and creation of the ATES system to the County of Los Angeles. Thus, he argues, the trial court should have applied the standard for recovery of attorneys' fees under the CPRA in Government Code section 7923.115, which entitles a prevailing public agency to recover attorneys' fees only if the plaintiff's action seeking the public records was frivolous. Rosen provides no authority for his assertion that Code of Civil Procedure section 425.16, subdivision (c)(1), is analogous to the CPRA's attorneys' fees provision in Government Code section 7923.115.[8]

---

[8] Government Code section 7923.115 of the CPRA provides in relevant part, "(a) If the requester prevails in litigation filed

Moreover, whether Rosen successfully litigated a CPRA action against the City under the CPRA was not before the trial court.

Finally, Rosen asserts he should be awarded $45,000 in attorneys' fees as the prevailing party. Rosen forfeited his request for attorneys' fees under section 425.16, subdivision (c)(1), by failing to request his attorneys' fees in the trial court by a separate motion or in his opposition to the City's motion.[9] Moreover, under section 425.16, subdivision (c)(1), a prevailing plaintiff is entitled to an award of attorneys' fees and costs only "if the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay." Rosen failed to show the City's motion to strike was frivolous or filed solely to cause unnecessary delay, especially in light of the trial court's ruling (which we affirm) partially granting the City's special motion to strike. (*Area 51 Productions, supra*, 20 Cal.App.5th at pp. 605-606 [prevailing plaintiff was not entitled to attorneys' fees under section 425.16, subdivision (c)(1), where motion was not "'totally and completely

pursuant to this chapter, the court shall award court costs and reasonable attorney's fees to the requester . . . . [¶] (b) If the court finds that a requester's case pursuant to this chapter is clearly frivolous, the court shall award court costs and reasonable attorney's fees to the public agency."

[9] Rosen requested an award of attorneys' fees in his supplemental opposition to the City's anti-SLAPP motion filed after the City filed its reply brief. However, the record does not reflect that the trial court granted permission for Rosen to file a supplemental brief, nor did the trial court in its ruling on the City's special motion to strike address the supplemental brief.

without merit'" and there was "no basis to conclude the motion was filed solely for the purpose of causing unnecessary delay"].)[10]

## DISPOSITION

The order is affirmed.  The City is entitled to recover its costs on appeal.

FEUER, J.

We concur:

SEGAL, Acting P. J.

STONE, J.

---

[10]     Both Rosen and the City request attorneys' fees and costs incurred on appeal.  Because we affirm the order partially granting the City's special motion to strike and awarding attorneys' fees, the City is entitled to recover reasonable attorneys' fees and costs on appeal as the prevailing defendant. (*Frym, supra*, 82 Cal.App.5th at p. 622 ["A prevailing defendant to an anti-SLAPP motion is entitled to reasonable fees and costs, including fees and costs incurred on appeal."]; *Area 51 Productions, supra*, 20 Cal.App.5th at p. 605 [prevailing defendants are entitled to "fees and costs incurred on appeal"].) However, a motion for attorneys' fees is more properly addressed in the trial court.